No. 91.—JAMES BOYCE and others, executors of Kerr Boyce, deceased, plaintiffs in error, *vs.* JAMES R. WATSON, defendant in error.

[1.] A party praying for the correction of a mistake, must offer to do whatever ought to be done on his part towards a correction of the mistake.

[2.] A misrepresentation that is not acted on, cannot serve as the ground for a suit in Equity.

In Equity, in Baker Superior Court. Decided by Judge ALLEN, May Term, 1856.

James R. Watson filed his bill against James Boyce and others, alleging that in 1842 one Farish Carter of Baldwin County, Georgia, held grants from the State of Georgia to a large number of lots of land in Baker County, among which was a grant to lot No. 156, in the 9th district of said county; that on the 16th day of July, 1842, said Carter conveyed a number of the lots so held by him to Kerr Boyce of Charleston, South Carolina; that as complainant is informed and believes, through the mistake of said Carter and of said Kerr Boyce, the said lot No. 156 in the 9th district, was included in said conveyance in place of another lot which was intended to be conveyed, the number of which other lot and the district in which it lies are not known to complainant; that, as complainant is informed and believes, said Carter, when he made said conveyance, took no memorandum of the lots so conveyed, and afterwards applied to said Boyce to furnish him with the numbers of the lots included in said conveyance —said Carter then still owning a number of lots in Baker County, and not knowing which lots he had sold to said Boyce; that said Boyce furnished said Carter with a list of the lots so conveyed to him, which list did not contain said lot No. 156, in the 9th district—the said Boyce inadvertently making a mistake, as complainant has learned, by taking the numbers (which were erroneous) from the back of the grants,

instead of examining the deed from Carter and furnishing a list of the numbers from that ; that owing to the error thus committed by Boyce, said Carter being assured that he was the owner of the lot in question, paid taxes on the same and offered to sell it ; that one Jacob Watson hearing that Carter was the owner of said lot and having no notice that it had been conveyed to said Boyce, proposed to Carter to purchase the same ; that Carter, after examining his papers, said he still owned said lot, and on the 18th day of November, 1851, sold the same to the said Jacob Watson for $300—the said Watson giving his notes payable at one and two years, and the said Carter executing to him a bond to make titles when the notes should be paid.]

The bill charges that at that time, said lot was " wild and unimproved," and of little value, compared with its present value ; that immediately after said purchase, said Watson took possession of and made valuable improvements on said lot, and soon afterwards conveyed the same to complainant, by transferring to him said bond for titles ; that complainant did not then know that said lot had ever been conveyed by said Carter to said Kerr Boyce, but believed the title thereto to be in Carter ; that he went into possession in good faith and has greatly enhanced its value by the improvements made on it ; that the lot is now worth $1500; that complainant has been ready and willing and now offers to pay the purchase money to said Carter, provided he will make titles according to said bond, but that the said Carter is unable to make title on account of the error so made as aforesaid, in having inadvertently included said lot in the conveyance made to said Boyce.

The bill charges that said Kerr Boyce died before said error was ascertained, and that his estate is now represented by James Boyce and others, his executors, who reside in the State of South Carolina ; that said executors have instituted an action of ejectment against complainant to recover said lot, which action is now pending on the appeal in Baker Superior Court; that complainant had hoped said executors

would desist from prosecuting said action, and cause said mistake to be rectified, and that said Carter would have executed titles to complainant, but that said executors are still endeavoring to dispossess complainant, and the said Carter still fails to make title, being unable to do so on account of the facts aforesaid.

The bill prays that 'said action of ejectment be enjoined, and that said executors, inasmuch as said Carter was induced to sell to said Jacob Watson by the representations of said Kerr Boyce, be decreed to make titles to complainant to said lot of land.

On the 22d of May, 1856, complainant amended his bill by attaching as exhibits, a copy of the grant from the State to Carter to said lot, and also a copy of the action of ejectment referred to in the bill. And further, by alleging that since the original bill was filed, complainant had come into possession of the original letter written by said Kerr Boyce to said Carter, (a copy of which letter is attached to the amended bill,) giving him the numbers of the lots sold by him (Carter) to Kerr Boyce, and the number of the lot in question does not appear in the list of lots appended to said letter; that said letter was written in reply to one from Carter, seeking information on that point; complainant charges that Kerr Boyce thus disclaimed title, and that Carter having said letter before him when he sold said lot to Jacob Watson and relying upon its statements, believed, in good faith, that he had never sold the same to Kerr Boyce, and executed the bond aforesaid to said Jacob Watson.

A demurrer was filed by defendants to the bill and the case came on for a hearing at the May Term, 1856, of Baker Superior Court. The grounds taken in the demurrer were—

1st. There is no equity in said bill.

2d. Complainant has omitted to attach a copy of the original grant, with entries thereon, as an exhibit to said bill, without offering any excuse therefor; and if in his power to procure, defendants ask may be attached, and hereby offers said

complainant a copy of said original grant for such purpose..

3d. Complainant has not attached, as an exhibit to said bill, a copy of the action of ejectment referred to.

The Court permitted complainant to amend his bill, (as appears by the amended bill already referred to,) and attach copies of the grant and action of ejectment; and over-ruled said demurrer on the other ground therein taken, holding, that there was equity in the bill.

To this decision defendant's Counsel except.

R. F. LYON and R. H. CLARK, for plaintiffs in error.

VASON & DAVIS; STROZIER & SLAUGHTER, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

The Court below held that there was equity in the bill. Was that decision right?

The bill puts its claim for relief on two grounds: 1. A mistake existing between Carter and Kerr Boyce. 2. A misrepresentation made by Kerr Boyce to Carter.

. As to the first ground: The mistake consists in the sale by Carter to Ker Boyce of lot 156, when some other lot was intended.

This is a mistake of which neither Carter nor his assignee can require the correction, except on the terms of tendering to Boyce's executors that *other lot*, or at least that lot's equivalent. Nothing could be a correction of that mistake, except a conveyance of that lot or that lot's equivalent, by Carter or his assignee, to Boyce's representative, and a reconveyance of lot 156 by Boyce's representative to Carter or to Carter's assignee.

[1.] The bill makes no such tender. The sum of $300 tendered, is the price paid by Watson to Carter for lot 156.. The bill does not say that $300 is an equivalent for *that other lot*—that lot to which, if there was the mistake, Boyce was.

Boyce· *et al.* *vs.* Watson.

entitled, with respect to that lot, the bill makes no tender of any kind.

This one of the grounds, then, gives no support to the claim of the bill. And support from this ground, is indispensable to the claim of the bill.

As to the second ground: The misrepresentation made by Boyce to Carter consisted in this: that Carter having sold to Boyce, a large number of lots of land, and not having kept a list of them, wrote to Boyce to know whether lot No. 156 was among the number, and Boyce, by inadvertence, replied that it was not, when in fact it was.

The bill does not allege that Carter, *in selling lot* 156 to Watson, acted on this misrepresentation, or that Watson, in buying the lot from Carter, acted on the misrepresentation. Indeed, the bill, by the amendment made to it, shows that neither Carter nor Watson *could have acted* in the affair on the misrepresentation, for it shows that the misrepresentation was not made until *after the sale* of the lot by Carter to Watson. The bill shows the sale to have been made on the 18th of November, 1851; the letter containing the misrepresentation to have borne date on the 19th of February, 1852.

[2.] Now a misrepresentation that is not acted on, cannot be the ground for a suit in Equity. (1 *Story Eq.* §191.)

I am not, myself, prepared to admit that even a misrepresentation which has been acted on, is a ground for a suit in Equity, if the misrepresentation be made by mere inadvertence, and be attended by no gain to the party making it.

We think, therefore, that there was no equity in the bill, and consequently, that the Court below erred in not sustaining the demurrer.