DOE, *ex dem.*, DUKE CRENSHAW, *et al.*, plaintiffs in error *vs.* JNO. W. ROBINSON, executor, *et al.*, defendants in error.

1. Ejectment was brought, on the several demises of Stamper and Wingo, against Robinson, who died pending the action, and his son, as executor, was made a party defendant. On the trial, plaintiff proposed to read Stamper's deposition, (having released him from his warranty, indemnified him against costs, etc.,) to show that the testator, Robinson, held possession of the land in dispute, under Stamper, and thus defeat the adverse possession set up and proved by the executor : *Held*, that notwithstanding Stamper was not interested in the action, and by the law prior to the act of 1866, was a competent witness for the plaintiff, yet, according to the *proviso* to the first section of the "Act to declare certain persons competent witnesses," etc., (acts 1866, p. 138,) Stamper was not a competent witness in his own favor, he being one of the parties to the original contract, and the opposite party, Robinson, being dead.

2. *Held*, also, that while Robinson, the executor, is a competent witness in his own favor, yet Wingo is not, because he is the opposite party to the cause of action in issue and on trial and the other party is dead—he cannot, therefore be a witness in his own favor. The rights of Robinson, the deceased, are to be decided, and as he cannot be heard, the statute excludes the testimony of other parties to the original contract or cause of action in issue and on trial.

Ejectment. Motion for new trial. Decided by Judge IRWIN. Forsyth Superior Court. August Term, 1867.

On the 18th day of September, 1855, plaintiff brought ejectment for the recovery of lot No. 1405, 14th district and 1st section of Forsyth county, against Wm. Robinson, tenant, upon the several demises of Duke Crenshaw, Wm. H. Barton, Daniel B. Rich, Robert S. Hooks, Martin M. Stamper and Zachariah Wingo.

Pending the action John Robinson died, and his son and wife, his executors, were made parties defendant. The defendant plead the statute of limitations.

On the trial the plaintiff read the following chain of title to said lot. Grant from the State to Duke Crenshaw, dated 1st December, 1835, drawn from defendant's possession, Crenshaw's deed to Wm. H. Barton, dated 30th July, 1833, Barton's deed to D. B. Rich, dated 12th January, 1839, Rich's deed to Robert S. Hooks, dated 10th January, 1839, Hooks'

Doe, *ex dem.*, *vs.* Robinson, Ex'r, *et al.*

deed to Martin W. Stamper, dated 30th January, 1840 ; Stamper's deed to Zachariah Wingo, dated 2d March, 1855.    All these deeds contained the usual warranty.    Plaintiff then proved the *locus*, and that William Robinison was in possession of said lot at the commencement of the suit and closed.

The defendant introduced a quit-claim deed for said lot, from William Hardin to William Robinson, dated 8th March, 1847, and proved by the Justice of the Peace who witnessed it, that Robinson paid $50 for the lot, Hardin delivered to him the plat and grant, (and said he would send him the grantee's deed when he went home) and that he thought Robinson had possession of the lot from the date of this deed till suit was brought—though he could not say Robinson was in possession on the 21st of May, 1854, or in 1852, or in October, 1853, nor that there had been no gap in Robinson's possession.

PENDLETON J. HUTCHINS testified, that he thought Wm. Robinson, from the date of said quit-claim deed, had had possession by himself or his tenants ; there was a cabin on it, but he did not know when it was built, and a small patch was cleared on it ; Chapman, a gold-digger, first squatted on it, but did not claim it ; William Robinson's brother, Israel, was in possession, but witness thinks he was William's tenant ; Harman Willis was in possession in 1855, and said he was Robinson's tenant; fifty dollars was an high price for the lot in 1847.    He did not recollect who was in possession on the 21st of May, 1852, nor in September, 1854, nor in the Spring of 1851.

JOHN W. ROBINSON, said executor, testified that he was present when his father bought from Hardin, and that what was then done had been correctly stated by the Justice of the Peace, (*ante*) ; soon after his father took possession ; said squatter, Chapman, was there, but did not claim the land and soon after left; in no year since was there any interruption of the possession by his father or his tenants, and said patch was cultivated every year.    When Chapman left, Israel Robinson went in, when Israel left his brother Garrett went in, Lowry succeeded Garrett, Harmon Willis succeeded Lowry, and when Willis left, Wm. Robinson went in ; all the fore-

going were William Robinson's tenants, and after William Robinson went in, he and his executors have been continuously in possession.

John Martin Stamper was there and sold the land; Willis told the witness of it; William Robinson was then in Jackson county and witness went over with the grant and Hardin's deed and told Wingo before he bought it, that William Robinson claimed the lot; witness once went to the Rocky Mountains and was gone eight months, but they were pitching a crop when he left, it was made when he returned, his father gave personal attention and oversight to the lot while he and his tenants had possession, his father was absent in California two years of the time. Witness admitted he was heir to his fathers estate and a party to this suit, but denied asking Wingo, at the time he bought the lot from Stamper, to buy it for witness' father.

In rebuttal the plaintiff introduced CALVIN H. WINGO, who testified that he did not recollect all that was said by John W. Robinson and witness' father, Zachariah Wingo, at the time, but was present when Stamper sold the lot to witness' father at his house, and that at one time John W. Robinson did ask Zachariah Wingo to buy said lot for William Robinson, saying his father would do what was right about it.

The plaintiff offered to read the answers of said Stamper, (who had been released from liability and indemnified against costs) to show that Wm. Robinson was only his agent and went into possession under him, etc., to sustain plaintiff's title.

The defendant objected to this testimony, because Stamper was interested, and because he was a party to the record and William Robinson was dead. Upon the last ground the Court rejected the answers. Plaintiff then moved to rule out said evidence of John W. Robinson, the executor, but this the Court refused to do. Plaintiff then offered Zachariah Wingo as a witness, but upon objection taken the Court would not allow him to testify.

The jury found for the defendant.

A motion for new trial was moved for on the grounds that the verdict was contrary to evidence, etc., because the Court erred, in rejecting the said answers of Stamper, in refusing to rule out the evidence of John W. Robinson, executor, and in refusing to allow Zachariah Wingo to testify.

This motion was overruled, and error is assigned on each of the grounds in it contained.

H. P. BELL, for plaintiffs in error.

GEORGE N. LESTER, for defendant in error.

WALKER, J.

1. By the act of 15th December, 1866, Pamph. Acts, p. 138, Revised Code, section 3798, no person shall be excluded from testifying by reason of incapacity from crime, or interest, or from being a party; but every person so offered shall be *competent* to testify in behalf of any of the parties to the issue on trial, "provided, that, when one of the original parties to the contract, or cause of action in issue and on trial, is dead, or is shown to the Court to be insane, or when an executor or administrator is a party in any suit on a contract of his testator or intestate, the other party shall not be admitted to testify in his own favor." Was Stamper a competent witness, when he was a party to the record, to the cause of action in issue and on trial, and Robinson, the other party, was dead? The plaintiff was forced to use the name of Stamper as a lessor, because the deed to Wingo was made pending the adverse possession of Robinson, and was therefore void. During the present term, in the case of Doe, *ex dem.*, Dearmond vs. Roe and Brooking, this Court decided in effect, that the deed from Stamper to Wingo did not convey title out of Stamper so as to prevent a recovery in his name, even when introduced by the defendant for the purpose of showing title out of the lessor of the plaintiff; that the plaintiff could show the adverse possession of the defendant in order to show his own deed to be invalid. Stamper then was a necessary party; the recovery could be had alone in his

name, and therefore he was offered as a witness " to testify in his own favor." It is admitted that under the law as it stood prior to the passage of the act cited, Stamper was a competent witness. Interest then was the test, and it is not insisted that Stamper had any legal interest in the case, so that if he be excluded at all, it must be because of the provisions of the act of 1866. By the act, the fact of being a party does not exclude him, nor does interest exclude; he is not embraced in the fourth section of the act; the question turns upon the construction of the *proviso* to the first section, already quoted. The act is entitled " An act to declare certain persons competent witnesses *as in the act set out,* and for other purposes." It is not simply to declare certain persons competent witnesses, but to declare them competent " as in the act set out." Now how are they declared competent as in the act set out? Why, all parties are competent witnesses, notwithstanding their crimes, or interests, or being parties, " except as hereinafter excepted." What are "hereinafter excepted?" " When one of the original parties to the contract, or cause of action in issue and on trial, is dead, * * * the other party shall not be admitted to testify in his own favor." What was the cause of action in issue and on trial in this case? The possession of the lot of land. Stamper proposed to be admitted as a witness in his own favor, to set up his own right of possession and defeat that of Robinson, the other " original party to the contract," who was dead. It was to allow Stamper's version of the " contract" between him and Robinson to be proved by Stamper, when Robinson's version could not be heard, because he was dead. Under this state of facts, Stamper was not declared a competent witness " as in the act set out," but was such as were intended to be included among those " hereinafter excepted."

2. Wingo was not a competent witness unless made so by the statute. The issue here was between Stamper and Wingo on the one side, and the estate of the dead man Robinson on the other. Wingo was one of the original parties to the cause of action in issue and on trial, and Robinson, the other party, was dead. The statute says, the other party, *i. e.* the

Doe, *ex dem.*, *vs.* Robinson, Ex'r, *et al.*

living one, shall not be admitted to testify in his own favor under such circumstances.   The rights of the party deceased are to be passed upon, and the statute intended that where such is the case, the other party to the original contract, or cause of action in issue and on trial, should be excluded.   If both parties could not be heard, then neither should.

In relation to the executor, it may be sufficient to say we see nothing in the statute to exclude him.   As already said, neither his interest, nor being a party, affects his competency ; nor is the other party to the original contract, or cause of action in issue and on trial, dead.   Therefore, we think he was a competent witness.   See Chisolm, Adm'r, vs. Turner, 36th Ga. R., 565.   With the testimony of the executor in, the defence of the statute of limitations was pretty well made out, and the verdict sufficiently supported by the evidence.

Judgment affirmed.