WILLIAM FINCH, plaintiff in error, *vs.* MARY A. CREECH *et al.*, defendants in error.

An administrator, though a creditor of intestate, is a competent witness to show by debts of the estate other than his own, the necessity to sell land, and to show his acts and the state of his account since the administration,

but not to prove any debt due to him from the intestate arising from a partnership between them, or otherwise.

Administrators and executors. Witness. Before Judge TOMPKINS. Richmond Superior Court. April Term, 1875.

Reported in the opinion.

FRANK H. MILLER, for plaintiff in error.

BARNES & CUMMING, by W. W. MONTGOMERY, for defendants.

JACKSON, Judge.

The bill of exceptions and record in this case are not as clear as they should be. . We gather from them, however, that the administrator, Finch, applied for leave to sell the lands of his intestate to pay debts, and was offered as a witness to show the necessity of the sale, the heirs-at-law objecting thereto. He was objected to as a witness on the ground that he was himself a creditor, and the objection was sustained. If he was the only creditor, we think he could not testify as to his own debt, nor to show any contract between him and intestate, arising out of a partnership or otherwise; but if it was necessary to sell the lands to pay debts other than his own, and he was offered to prove those debts, he was competent. The administrator is a competent witness though the other party be not competent: *Jackson vs. Jackson*, 40 *Georgia*, 150; *McIntyre vs. Meldrim*, 40 *Ibid.*, 490; because he is within the terms of the statute; and it is upon the principle that he does not antagonize but represents the deceased. But when he does antagonize the deceased and becomes the opposite party in interest, then, and so far as that interest is involved, he becomes incompetent, because he comes at once within the reason of the exception which excludes the other side of the contract or cause of action to deceased. Gathering from this record that he is not the only creditor of the intestate, but that he was offered to show debts owing by the estate other than

his own, we hold that he was competent to prove *those debts*, and to prove the general state of the account as administrator, his actings and doings since his qualification; but not to prove his own debt against deceased, nor to show the existence or correctness, or anything else touching the partnership which seems to have existed between him and the intestate; and we reverse the judgment on this ground: See 37 *Georgia*, 118; 48 *Ibid.*, 147; 38 *Ibid.*, 103; 47 *Ibid.*, 360; 51 *Ibid.*, 600; *Williams vs. McDowell*, 54 *Ibid.*, 222.

Judgment reversed.