## Oatis *vs.* Harrison *et al.*, executors.

A discharge in bankruptcy will not render a witness competent who would otherwise be incompetent on account of the opposite party to the contract being dead. Under the Code (section 3854) a party to the contract or cause of action in issue or on trial, may be incompetent, though not a party to the action nor interested in the result.

Bankrupt. Witness. Before Judge CRAWFORD. Quitman Superior Court. November Term, 1877.

Reported in the opinion.

B. S. WORRILL; JOHN T. CLARKE, for plaintiff in error.

A. HOOD; J. H. GUERRY; GUERRY & SON; B. P. HOLLIS, for defendants.

BLECKLEY, Judge.

Henry J. Oatis is sole complainant, and the executors of James Harrison are the sole defendants. The object of the bill is to enjoin the executors from collecting out of the property of the complainant a certain judgment, which judgment is founded on a partnership debt, one member of the partnership being the complainant, and another member of it being the witness, William J. Oatis. The partnership assets have been exhausted, and all the members of the partnership have been discharged in bankruptcy. The judgment, however, has been rendered since the discharge, and is not against William J. Oatis, (the witness,) he not having been served, but is against Henry J. Oatis, the complainant, he having failed to plead his discharge as a defense to the action. The equity of the bill rests chiefly upon an alleged contract between the testator, James Harrison, of the one part, and the complainant and his witness of the other part, by which the testator agreed to release the complainant and the witness from all liability upon the debt, or to protect them against it, on certain terms, which terms, it is alleged, were complied with. The witness was offered by the complainant to prove the making of this contract, and its performance, and was rejected on the ground that the testator, the other party to the contract, was dead. So far as appears, the proposed evidence consisted wholly of stipulations and transactions had with the deceased in his lifetime; and they all took place after the discharge in bankruptcy, and to all of them the complainant and the witness were joint (not joint and several) parties. It does not appear but that the joint means of both were used in complying with the terms of settlement. Under these circumstances, the witness, it would seem, ought to have been made a party to the bill as one of the joint parties to the joint contract which the bill sought to enforce. At all events, he and the complainant were so connected, that neither of them could be a witness against the executors to establish the contract,

or to prove compliance with it. It took both of them to constitute the party of the one part. There was no several contract, and therefore no several party on their side. In this respect, at least, the case differs from that in 45 *Ga.*, 147. The deceased was the sole contracting party on the other side, and his mouth is closed. It would put his executors on unequal terms in this controversy, to allow either the complainant or his associate in the *joint* contract to testify in favor of the *joint* interest, though the whole fruits of that interest may inure to the complainant alone.

Cited for complainant: Code, §3854; 36 *Ga.*, 520; 38 *Ib.*, 105; 37 *Ib.*, 118; 45 *Ib.*, 147; 49 *Ib.*, 120; 54 *Ib.*, 451; 55 *Ib.*, 98.

Cited for defendant: 37 *Ga.*, 118; 50 *Ib.*, 203.

Judgment affirmed.