## MALLERY *v.* YOUNG *et al.*

The only ground of the caveat insisted upon at the trial being, that the propounder and another had falsely and fraudulently represented to the testator that the caveatrix was not in fact his niece and had by means of this fraud and deception induced him to disinherit her, and there being no evidence whatever that any such representations had ever been made, except the declarations of the testator himself, the caveat was not sustained, and the verdict setting aside the will was without evidence to support it. The declarations of the testator were admissible to show the state of his mind at the time of executing the will,.but were not admissible for the purpose of showing that the facts stated by him were true.
December 21, 1894,

Appeal. Before Judge GAMBLE. Bulloch superior court. April term, 1894.

John E. Mallery as executor propounded a paper for probate in solemn form as the will of James Ellerbee, who died on April 11, 1893. This paper was dated April 22, 1892. The first item of it provides for the payment of debts, and for burial. By the next two the testator bequeaths to his cousins, John E. Mallery and his sister Sarah Welsh, all of the real estate except 180 acres herein given to Willie Edenfield, whom, it is recited, the testator raised. By the fourth item the sum of $175 is given to the trustees of Salem Baptist church, to be used by them in paying existing debts and to make future improvements. By the fifth, all the residue of real and personal property is given to John E. Mallery and Sarah Welsh; and by the sixth, John E. Mallery is appointed executor.

Caveats were filed by Mary A. Young and by the executive committee of the Georgia Baptist Conven-

tion, the latter claiming under an alleged will of February 11, 1889. At the trial all the grounds of caveat were abandoned, except the following, added by amendment by Mrs. Young: "Because the will propounded is not the last will of James Ellerbee, because she is the niece of said testator, being the only daughter of [Louis Ellerbee, the brother] of said testator, and his nearest of kin; that said John E. Mallery and Sarah Welsh deceived said testator as to his true relationship to herself, by repeatedly representing to said James Ellerbee that she, Mary A. Young, was not the daughter of Louis Ellerbee but the daughter of the widow of said Louis Ellerbee, by her second husband; that said James Ellerbee intended to leave his property to her, and would have done so but for said fraud and deception."

The jury found in favor of the caveatrix, and a motion by the propounder for a new trial was overruled. The motion alleges that the verdict is contrary to law and evidence, and assigns error in the following instructions in the charge of the court, as being incorrect statements of the law, and for want of evidence on which to base them; it having been admitted by the caveators in open court, that the will propounded was not obtained by any undue influence: "The very nature of a will requires that it shall be freely and voluntarily made; and anything that negatives or destroys this freedom, such as fraud practiced on testator's mind, whereby the will of another is substituted, voids the will.

"The issue is narrowed to one question, and that is, whether or not those legatees under this will, Mr. Mallery or his sister or both, persuaded the testator that Mrs. Young was not his niece, and whether under this influence he made this will. If you find she was his niece in point of fact, and that they persuaded him she was not his niece, and he so acted, then this will should not be set up.

" So there are only two questions in this case : first, was she his niece ; and second, was he persuaded and satisfied she was not his niece, and under these influences and persuasions was this will made ? These are the questions for you to determine. If you find that issue in favor of the propounder, then you should set up the will; on the other hand, if you find in favor of Mrs. Young, then you should find against the will.

"A will executed under a mistake of fact as to the existence or conduct of the heirs at law of the testator, is inoperative so far as such heir at law is concerned ; but the testator shall be deemed to have died intestate as to him."

It is further complained, that the court wholly failed and omitted to instruct the jury what proved facts would establish the *factum* of the will, and make a *prima facie* case for the propounder and put the burden on the caveators.

HINES & HALE, FELDER & DAVIS, BRANNEN & MOORE and L. E. BLECKLEY, for plaintiff in error.

D. R. GROOVER, STEED & WIMBERLY, G. W. WILLIAMS, H. D. D. TWIGGS and HARRISON & PEEPLES, *contra*.

ATKINSON, Justice.

The official report states with sufficient accuracy the contentions between the parties in this case. The verdict was for the caveatrix. Her contention was, that she was the next of kin of the testator, that the testator had been induced by the representations of John E. Mallery and Sarah Welsh, who are the principal legatees under the will, to believe that she was not of kin to him, and that, acting under this belief, he had executed the will whereby his estate passed to them instead of to herself. The errors of law complained of go rather to the sufficiency than to the competency of the evidence submitted in the case; and therefore, the real

question in the case turning upon the sufficiency of the testimony, it is not material to consider any of the other errors of law alleged to have been committed.

It is shown by the testimony in this case, that Mary A. Young, the caveatrix, was the niece of the testator. Of this fact he was well advised at a date anterior to the execution of the will. It is not claimed that the testator did not have testamentary capacity. It is not claimed that he was ignorant of the relationship between himself and the caveatrix, and the plaintiff in error contends that there is no evidence whatsoever of undue influence upon the part of these legatees exercised over or operating upon the mind of the testator, save only the declarations of the testator himself to the effect that they had persuaded him that the caveatrix was not his niece. The fact that they had so persuaded him is denied on oath by each of the legatees, and no witness swears to the contrary.

Evidence is said to be that which demonstrates and makes clear a question of fact at issue. Sufficient evidence is such as is satisfactory to the purpose—satisfactory in its legal sense,—such as satisfies the law as to the existence of a given fact; and if such evidence of the fact be not submitted, then the evidence may be fairly said to be insufficient to sustain a verdict based thereon. It is a rule of law, well established by a strong and almost unbroken current of authority,—one which has been recognized by this court (see *Dennis et al.* v. *Weekes,* 51 *Ga.* 25, h. n. 6)—one which has been approved by the courts of last resort in a large majority of the States of the Union, where a similar question has been under review, and one which has been accepted by the best text-writers upon the law of evidence, that the declarations of a testator, where the issue is of fraud or undue influence in the execution of a will, are not admissible to prove the actual fact of fraud or the exercise of an

improper influence by another. They may be competent to establish the influence and effect of the external acts upon the testator himself, their operation upon his mind, but not as evidence of the fact itself that the undue influence was exerted. See Wharton on the Law of Evidence, vol. 2, section 1010; Schouler on Wills, section 243. As to the facts themselves, such declarations amount to no more than hearsay evidence; and to permit a person to destroy, annul and revoke a will voluntarily and solemnly executed, by mere oral declaration contrary to the testamentary scheme expressly declared in a written instrument, is to overturn and destroy one of the most salutary of the elementary rules of evidence. We quote from some of the most thoroughly well considered cases the following expressions: In Jackson, Coe *et al. v.* Kniffen, 2 Johns. Rep., page 31, Thompson, J., says: "To permit wills to be defeated or in any manner whatever impeachd by the parol declarations of the testator, appears to me repugnant to the very genius and spirit of the statute, and not to be allowed"; and in Stevens *v.* Vancleve, 4 Wash. C. C. Rep., page 265, Washington, J., says: "The declarations of a party to a deed or will, whether previous or subsequent to its execution, are nothing more than hearsay evidence; and nothing could be more dangerous than the admission of it, to control the construction of the instrument, or to support or destroy its validity." In Provis *v.* Rowe, 5 Bingh., page 435, where written declarations of the devisor, made after his will, were offered in evidence, Best, Ch. J., said: "We shall not, for the first time, establish a doctrine which would render useless the precaution of making a will. It would be contrary to the first principles of evidence." These citations might be multiplied, but are of themselves, we think, sufficient to establish the correctness of the proposition stated.

Upon reading this record, we find no evidence what-

ever of any undue influence operating upon the mind of the testator, save that resting for its support upon the declarations of the testator, to the effect that John Mallery and Mrs. Welsh had induced him to believe that the caveatrix was not of kin to him. In the absence of some testimony outside of these declarations which establishes this fact, it cannot be adjudged that this verdict rests ,upon any evidence at all. The circuit judge, therefore, should have set it aside and upon that ground awarded a new trial. Let the, judgment. of the court below be                                        *Reversed.*