## MALLERY *v.* YOUNG *et al.*

1. It is not incumbent upon an heir at law who seeks under section 2403 of the code to render a will inoperative as to him on the ground that it was executed under a mistake of fact as to his existence, to show affirmatively that but for such mistake he would have been a beneficiary of the will.
(a) Whether or not this section is applicable in a case where it appears that the testator knew of the existence of the person claiming to be his heir and acted upon an erroneous conclusion as to the fact of relationship, is not now for determination.
2. The court did not err in granting a new trial.
August 3, 1896.

Appeal. Before Judge Gamble. Bulloch superior court. April term, 1895.

*J. A. Brannen, H. J. McGee* and *Hines & Hale*, for plaintiff in error. *H. D. D. Twiggs, D. R. Groover, G. W. Williams* and *Steed & Wimberly*, contra.

LUMPKIN, Justice.

This case was before this court at the October term, 1894. See 94 *Ga.* 804. It comes back upon a point not then made or discussed. The only legal question now for consideration is whether or not an heir at law who seeks under section 2403 of the code to render a will inoperative as to him, on the ground that it was executed under a mistake of fact as to his existence, is bound to show affirmatively that, but for such mistake, he would have been named in the will as a beneficiary. The trial judge charged the jury that it was incumbent upon such an heir at law to do this. Under this instruction, Mrs. Young lost her case, and the judge granted her a new trial, evidently having reached the conclusion that he erred in his charge with reference to this section of the code. We think he did, and that he rightly corrected the error by setting the verdict aside. In the absence of a will, the estate of one who dies intestate and unmarried descends to his nearest blood relatives, and there is a presumption of law that they are the persons whom such an intestate would naturally desire should become the objects of his bounty. It is requiring more than the law exacts of an heir at law as to whose existence a testator was mistaken, to render it obligatory upon such heir to prove that he would have been favorably mentioned in the will but for such mistake. It would be manifestly difficult, if not impossible in some instances, to show what would have been the testamentary inclination of a testator with reference to one whom he had never known at all, or believed to be out of existence. The heir should not be made to carry such a burden, but in this regard may safely stand upon the legal and moral presumption that, other things being equal, he would be favorably remembered in the testator's will.

It appears in the present case that the testator actually knew of the existence of Mrs. Young, and was also well aware of the fact that she claimed to be his niece and next

of kin. The evidence leaves it in doubt as to whether he so regarded her or not. However, the record does not present for our decision the question whether or not section 2403 of the code is applicable to this particular state of facts, and for this reason we cannot now undertake to determine it.                              *Judgment affirmed.*