Rockingham, ⎱
March 7, 1902. ⎰

### GREELY v WILLEY & a.

The mere fact that a defendant of record has obtained a discharge in bankruptcy does not render him a competent witness for his co-defendant in the trial of an action prosecuted by the administrator of a deceased plaintiff.

ASSUMPSIT, on a promissory note signed by the defendants,. George F. Willey, Nelson S. Willey, and George G. Tenney. The writ was dated May 3, 1899, and on that date the real estate of Nelson S. and Tenney was attached. George F. was a bankrupt at that time, and Tenney became one in July, 1900. George F. received his discharge prior to November 20, 1900, and on that. date Tenney received his discharge. This debt was included in their schedules. They pleaded their discharge as a defence to this action, and the defendant Nelson S. offered to show by the testimony of George F. and Tenney that the note in suit was given to evidence a loan made to George F., that he did not sign the note until after it had been delivered to Greely, and that there was no consideration for his promise. It appearing that Greely had died since the action was begun and that it is prosecuted by his administrator, the evidence was excluded, and the defendant. Nelson S. Willey excepted. Transferred from the October term,. 1901, of the superior court by *Young*, J.

*G. K. & B. T. Bartlett*, for the plaintiff.

*John G. Crawford*, for the defendants.

WALKER, J. Upon the facts as stated in the case the exception must be overruled. The mere fact that the bankrupts have obtained their discharges does not conclusively show that they are. nominal parties. The case was not dismissed as to them. They still remain parties to the action, and may be interested in some.

issue developed during the course of the trial, as, for instance, the issue of a new promise since their discharge. *Jenks* v. *Opp*, 43 Ind. 108; *Oatis* v. *Harrison*, 60 Ga. 535. The case does not disclose what the pleadings were, if there were any, or what reply the plaintiff made to the plea of a discharge in bankruptcy. Under these circumstances the court cannot hold as a matter of law that there was error in the exclusion of the evidence offered. P. S., c. 224, s. 16.

*Exception overruled.*

All concurred.