### 20897. UNDERWOOD v. UNDERWOOD.

BELL, J. 1. In the instant trover suit brought by an administrator to recover certain personal goods and choses in action as the property of the intestate, but claimed by the defendant in virtue of an alleged gift inter vivos made to her by such intestate, the defendant was not prevented by estoppel from asserting such claim to the property upon the

ground that she had applied for temporary letters of administration, and had obtained an order granting the application, and had actually taken oath as such administratrix, where she did not further qualify by giving bond, and did not obtain the letters, and assumed no custody or control of the property in pursuance of such proceeding. *Boyce* v. *Watson*, 20 *Ga.* 517 (2); *Lamar* v. *Pearre*, 90 *Ga.* 377 (17 S. E. 92); *Harris* v. *Woodard*, 133 *Ga.* 104 (3) (65 S. E. 250); *Mims* v. *Jones*, 135 *Ga.* 541, 544 (69 S. E. 824); 22 C. J. 423. The court did not err in rejecting the plaintiff's theory of estoppel as advanced both in a proferred amendment to the petition and in a written request to charge.

2. To constitute a valid gift, there must be the intention to give by the donor, acceptance by the donee, and delivery of the article given, or some act accepted by the law in lieu thereof. Actual manual delivery is not essential to the validity of a gift. Any act which indicates a renunciation of dominion by the donor, and the transfer of dominion to the donee, is a constructive delivery. Civil Code (1910), §§ 4144, 4147.

3. All kinds of personal property which are capable of manual delivery and of which the title either legal or equitable can be transferred by delivery may be the subject-matter of a valid gift; accordingly, as to promissory notes, bills of exchange, checks, bonds, and other like choses in action, the equitable title to which may be transferred in the manner indicated, the gift may be sustained even though the instruments are delivered without indorsement or assignment. A "participation certificate" issued by a bank and entitling the holder to a proportionate part of the proceeds of described mortgages and notes held in trust by the bank for the benefit of the holders of such certificates would fall within the classification stated, although under the terms of the instrument the bank bound itself to make payment only to the registered holder thereof. *Philpot* v. *Temple Banking Co.*, 3 *Ga. App.* 742 (60 S. E. 480); *Wade* v. *Edwards*, 23 *Ga. App.* 677 (99 S. E. 160); *Culpepper* v. *Culpepper*, 18 *Ga. App.* 182 (3) (89 S. E. 161); Page *v.* Lewis, 89 Va. 1 (15 S. E. 389, 18 L. R. A. 170, 37 Am. St. R. 848); Royston *v.* McCulley (Tenn.), 59 S. W. 725 (52 L. R. A. 899); Snidow *v.* Brotherton, 140 Va. 187 (124 S. E. 182, 40 A. L. R. 1246); First National Bank *v.* Thomas, 151 Md. 241 (134 Atl. 210, 47 A. L. R. 730); 14 Am. & Eng. Enc. Law (2d ed.), 1022; 28 C. J. 645.

4. Evidence that an aged and infirm parent, divorced from his wife and living, apart from other relatives, in the same domicile with an adult unmarried daughter, while suffering from an illness, caused an intimate friend to visit him at night, to whom he stated that in view of his physical condition he did not know what would happen to him, and that he wanted everything he owned to go to his daughter, and then called the daughter into the room and delivered to her the keys to a safety-deposit box situated in a bank, together with keys to other personal property, only a part of which was located in the room where the parties were at the time, saying to her that these were the keys to all that he possessed, and telling her of the contents of the safety-deposit box, and advising that she familiarize herself with the same, and further stating that she "could have everything," and "that all he had was hers,"—was sufficient to authorize a finding of an intention to make an immediate gift of the contents of the safety deposit-box and of the

other personalty to which the keys gave access, and also to warrant the inference of an adequate constructive delivery thereof. *Harrell* v. *Nicholson*, 119 *Ga.* 458, 460 (46 S. E. 623); *Jackson* v. *Gallagher*, 128 *Ga.* 321 (3), 326 (50 S. E. 750); *Williams* v. *McElroy*, 35 *Ga. App.* 420 (2) (133 S. E. 297).

5. Evidence that the daughter took the keys and "went on" warranted the conclusion that she accepted the gift, despite her own testimony to the effect that "she didn't notice especially what they were saying except to look after [her father]," the evidence showing that she did in fact hear and understand what was said, and there being nothing to indicate that she declined the gift. "If the donation be of substantial benefit, the law presumes the acceptance, unless the contrary be shown." Civil Code (1910), § 4145.

6. To recover in a trover case it is essential that the plaintiff show either title or right of possession, and in some cases it is necessary to establish both. *Birmingham Fertilizer Co.* v. *Dozier*, 13 *Ga. App.* 759, 762 (79 S. E. 927); *Boswell* v. *Ivie*, 31 *Ga. App.* 807 (122 S. E. 97). Thus, in the instant case, if the intestate did in truth execute and deliver the gift, as claimed by the defendant, the defendant thereby obtained such a right of possession as would defeat the administrator's action of trover, regardless of whether the defendant may have acquired such legal title as would authorize her to proceed by suit in her own name against the obligors in the choses in action. *Martin* v. *English*, 23 *Ga. App.* 484 (2) (98 S. E. 505). Since the administrator must stand in the place of his intestate as donor, the question of whether the participation certificates and the other choses in action should have been assigned in writing in order for the defendant to enforce the same in her own name against the obligors could not be urged by the plaintiff for the purpose of avoiding the gift as between the parties thereto, where the other essentials of a valid gift were present. *Moore* v. *Cline*, 115 *Ga.* 405 (41 S. E. 614); *Hartz* v. *Hartz*, 13 *Ga. App.* 401 (79 S. E. 230); Van Horn *v.* Stockham, 193 Iowa, 823 (186 N. W. 650, 22 A. L. R. 765). If the defendant were in the position of seeking affirmative relief, either legal or equitable, against the plaintiff or other person, a very different case would be presented. Cf. *Steele* v. *Gatlin*, 115 *Ga.* 929 (3) (42 S. E. 253, 59 L. R. A. 129); *Hill* v. *Sheibley*, 64 *Ga.* 529.

7. "While delivery is essential to the completion of a gift of personalty, actual manual delivery is not required. Constructive or symbolic delivery is sufficient under certain circumstances. When it appears that the donor has relinquished all dominion and control over the property as owner and parted absolutely with title, the mere fact that the donee allows possession to remain with the donor will not necessarily defeat the gift." *Hall* v. *Simmons*, 125 *Ga.* 801 (54 S. E. 751).

(*a*) The request for instruction set forth in special ground 4 of the plaintiff's motion for a new trial improperly ignored the principle of constructive or symbolic delivery, as well as the proposition that a donee may allow possession to remain with the donor, without defeating the gift. Moreover, it does not appear that this request was presented "before the jury retired to consider of their verdict." *Byfield* v. *Candler*, 33 *Ga. App.* 275 (125 S. E. 905).

(*b*) The other requests to charge were properly refused upon the ground

that they asked for peremptory instructions upon certain questions whose determination was exclusively a matter for the jury.

8. The court did not err in excluding the testimony of certain other heirs at law as to other transactions and communications with the intestate, offered by the plaintiff for the purpose of proving that the transaction relied on by the defendant was not intended by the intestate as a gift. While the testimony of the plaintiff may not have been objectionable merely because he was administrator (*Moore* v. *Cline*, supra; *Crenshaw* v. *Robinson*, 37 *Ga.* 118 (2); *McIntyre* v. *Meldrim*, 40 *Ga.* 490; *Finch* v. *Creech*, 55 *Ga.* 124), the fact that he was an heir at law and thus interested in the suit rendered him incompetent to testify as to transactions and communications of the intestate, for the purpose of such attack upon the claim of the defendant as transferee; and the other heirs at law were incompetent for the same reason. *Hendrick* v. *Daniel*, 119 *Ga.* 358 (46 S. E. 438); *Turner* v. *Woodward*, 136 *Ga.* 275 (71 S. E. 418); *Hudson* v. *Broughton*, 147 *Ga.* 547 (94 S. E. 1007); Civil Code (1910), § 5858, par. 1, 4.

(a) The present case is distinguished from *Renitz* v. *Williamson*, 149 *Ga.* 241 (2) (99 S. E. 869), in which the witnesses merely testified to statements made by the transferee to the deceased.

(b) The instant case is also unlike the case of *Winkles* v. *Drake*, 165 *Ga.* 335 (6) (141 S. E. 67), in which an issue for determination was whether the deed relied on by the plaintiff was procured by *fraud*, and in which, as to this issue, an heir at law of the deceased grantor was held competent to testify as a witness in behalf of the defendant administrator as to declarations of the intestate that she had not made a deed to the plaintiff. Cf. *Mallery* v. *Young*, 94 *Ga.* 804 (22 S. E. 142).

9. The evidence authorized the verdict for the defendant, and the court did not err in refusing a new trial upon any ground taken.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JULY 25, 1931.

*S. W. Fariss Jr., McClure & McClure,* for plaintiff.

*R. M. W. Glenn, Rosser & Shaw,* for defendant.