18810. DRIVER *et al. v.* SHEFFIELD.

HAWKINS, Justice. 1. A will, having no effect until the death of the testator, is necessarily revocable by him at any time before his death. Code § 113-401.

2. The revocation of a will may be either express or implied. An express revocation is effected when the maker by a writing annuls the instrument, and takes effect instantly or independently of the validity or ultimate fate of the will or other instrument containing the revocation. Code § 113-402.

3. When a will has been expressly revoked by a subsequent will executed with the same formality and attested by the same number of witnesses as are requisite for the execution of a will, the revocation or destruction of the latter does not per se revive the former, but the former will can be revived only by republication. Code §§ 113-403, 113-409; *Harwell* v. *Lively,* 30 *Ga.* 315 (76 Am. D. 649).

4. While revocation of a will cannot be established by proof of parol declarations by the testator (*Williamson* v. *Nabers,* 14 *Ga.* 286; *Hargroves* v. *Redd,* 43 *Ga.* 142; *Mallery* v. *Young,* 94 *Ga.* 804, 22 S. E. 142), a clause in a later written instrument, properly executed by the testator, expressly revoking a former will is not rendered ineffective merely by the loss or destruction of the instrument which contains it, and proof of the revocation clause in a later lost or destroyed will may be made by parol. Probate of the former will may be defeated upon proof of the execution of the later writing by the testator, which contained a clause revoking the prior will, and of the loss or destruction of the later instrument, without proof of the rest of the contents of the lost or destroyed instrument. 57 Am. Jur. 330, § 473; Redfearn on Wills and Administration of Estates in Georgia (Rev. ed.), p. 120, § 87; Annotations in 94 A. L. R. 1024. In *Barksdale* v. *Hopkins,* 23 *Ga.* 332, 337, it is said that, "whenever a will is efficacious for the purpose of revoking a former will, a probate court may take notice of it for that purpose, although such will is one that has not been admitted to probate, or even one that is not capable of being admitted to probate." See also *Lively* v. *Harwell,* 29 *Ga.* 509, 516.

5. While it is material and essential, in a proceeding under Code § 113-611 to establish and probate a lost or destroyed will, to allege whether the original was lost subsequently to the death of the testator or destroyed without the consent of the testator during his life (*Wood* v. *Achey,* 147 *Ga.* 571, 94 S. E. 1021; *Saliba* v. *Saliba,* 201 *Ga.* 577, 40 S. E. 2d 511), such allegations as to the time of the loss or destruction are not material where, as here, heirs at law of the testator filed a caveat to the probate of a will executed by the testator on June 18, 1948, wherein they admit a prima facie case as to the execution of that will, but allege that the will thus offered for probate is not the will and testament of the testator, because subsequently to the date thereof the testator did execute and publish a later will during the year 1950, the exact date being unknown to the caveators, and that said later will contained a specific revocation clause revoking any prior wills made by him; that said later will was executed in due form of law and has since been either lost or destroyed, and cannot be located by the caveators, but the caveators

specifically allege that said will contained a revocation clause of all prior wills, and said former will has never been revived and republished agreeably to the laws of the State of Georgia.

6. Applying the foregoing principles of law to the allegations of the caveat, it was error for the trial judge to sustain the general demurrer thereto, and this error rendered nugatory all further proceedings in the case.

*Judgment reversed. All the Justices concur.*

Submitted January 10, 1955—Decided February 14, 1955.

*Robert D. Tisinger, Lamar Knight,* for plaintiffs in error.

*Shirley C. Boykin, James F. McNamara, Boykin & Boykin,* contra.