19347. CASH *et al. v.* CASH *et al.,* Executors.

MOBLEY, Justice. Preston and Emma Cash, children and the designated executors of W. M. Cash, filed their petition in the Court of Ordinary of Franklin County to probate in solemn form a will which was executed by W. M. Cash on June 19, 1947. Howard Cash, Harrison Cash, and Mrs. Pearl Cash Atkinson, other children of W. M. Cash, filed a caveat to the petition for probate, on the ground that in 1953 the testator had executed a will containing a clause revoking any prior will made by him, the whereabouts of the alleged later will being unknown to them. By consent, an appeal was made to Franklin Superior Court, and the caveators amended their caveat, admitting a prima facie case in favor of the propounders. A jury found for the propounders, and to a judgment denying their motion for new trial the caveators except. *Held:*

1. Where a will is offered for probate in solemn form, and a caveat is filed thereto which admits a prima facie case in favor of the propounders and contests the probate of the will upon the sole ground that the testator had executed a subsequent valid will containing a clause revoking all prior wills, the only issue before the jury upon a consent appeal to the superior court is that of revocavit vel non—did he revoke or not. And, in such a case, the trial court properly charged the jury that they were not to concern themselves with the provisions of the will offered for probate and the disposition made by the testator of his property, and were not to be concerned with whether the terms of the will seemed equitable and just. In view of the admission by the caveators, the will offered was prima facie valid and entitled to be probated, and it could not be denied probate because the jury considered it to be unequitable, unjust, or unreasonable. *Slaughter* v. *Heath,* 127 *Ga.* 747, 755 (57 S. E. 69, 27 L. R. A. (NS) 1); *Penn* v. *Thurman,* 144 *Ga.* 67 (3) (86 S. E. 233); *Franklin* v. *Belt,* 130 *Ga.* 37 (60 S. E. 146); *Brumbelow* v. *Hopkins,* 197 *Ga.* 247, 256 (29 S. E. 2d 42).

2. The trial court excluded from the jury's consideration evidence as to the value of the testator's property in 1953 and 1955. The exception to this ruling is that the fact of an increase in the value of the testator's property from 1947 to 1953 constituted circumstantial evidence to show that the testator desired to revoke the will offered for probate. There is no

evidence in the testimony excluded or elsewhere in the brief of evidence as to the value of the testator's property in 1947. Without deciding the question raised by special grounds five and six, in the absence of evidence as to the value of the testator's property in 1947 no increase in the value of such property from 1947 to 1953 was shown.

3. When a testator executes a valid will containing a clause expressly revoking all former wills made by him, such revocation takes effect immediately and is in no way dependent upon the ultimate fate of the later will. *Driver* v. *Sheffield,* 211 *Ga.* 316 (85 S. E. 2d 766), and cits. In proof of the ground of their caveat, the caveators offered the testimony of a witness, who testified that in 1953 he prepared a will for the testator; that it was properly executed; and that it contained a clause expressly revoking all prior wills made by the testator. However, the jury was authorized to find that in 1945 this witness had prepared a will for the testator, and that, in testifying before the court of ordinary and in this case, he had made contradictory statements concerning whether he had prepared one or more wills for the testator. And, in view of these contradictory statements, the jury could accept or reject the witness's testimony concerning the will allegedly executed in 1953. Where a witness is sought to be impeached, the weight and credit to be given the testimony of such witness is a question exclusively for the jury. Code § 38-1805. *Huff* v. *State,* 104 *Ga.* 521, 523 (2) (30 S. E. 808). Other witnesses offered by the caveators testified that in 1953 the testator told them he had executed a will, but none testified that he saw the alleged will or that it contained a clause expressly revoking all prior wills of the testator. "Revocation of a will cannot be established by proof of parol declarations by the testator." *Driver* v. *Sheffield,* supra, headnote 4. The jury having found against the caveators upon the issue of fact raised in their pleading, and no error of law appearing in their motion for new trial, the judgment of the trial court is

*Affirmed. All the Justices concur.*

Argued May 15, 1956—Decided June 12, 1956.

*Geo. L. Goode, R. Howard Gordon, Carter Goode,* for plaintiff in error.

*Johnson & Johnson, Clete D. Johnson, Linton S. Johnson, Ben F. Cheek, Marshall L. Allison,* contra.