20130. MILLER *v.* MARCHMAN *et al.*

ARGUED JULY 14, 1958—DECIDED SEPTEMBER 5, 1958.

356

D. E. Morgan, J. C. McDonald, Turk & Morgan, McDonald & McDonald, for plaintiff in error.

Dallam R. Jackson, contra.

WYATT, Presiding Justice.  Upon the trial of this case, the propounder proved the execution of the will he offered for probate, it being stipulated that the testatrix was of sound and disposing mind and memory.  The caveators did not undertake to prove that the alleged subsequent will specifically revoked the former will, but relied entirely upon proving that the subsequent will revoked the former by its inconsistent provisions. Caveators proved the execution of the subsequent will by the testimony of two subscribing witnesses, the third being dead. Both witnesses testified that they did not know what it contained.  The only evidence adduced as to the contents of the alleged subsequent will was in the testimony of two witnesses for the caveators.  Early Thompson, one of the subscribing witnesses testified:  "I saw the paper.  She said it was a will for Steve Marchman.  I didn't read the will.  I couldn't swear who it was made to.  All I know is I just witnessed a paper in the fall of '54 . . . She or Trammell, one or the other, said that it was a will that she had made to Steve Marchman . . . If Trammell said it, it was in Miss Mattie's pres-

ence . . . She didn't deny it." The Trammell referred to in the testimony was a subscribing witness who had previously died.

Mrs. John W. Davison, another witness for the caveators, testified that she went over to the home of the testatrix and tried to find the will. She then testified: "We had heard of a purported will to Steve Marchman. That is the will we were looking for. We thoroughly searched all of her papers and did not find that will . . . I do not know of my own knowledge anything about the Steve Marchman will. We could not locate it any place. I knew such a will was in existence." This witness also testified that the propounder stated that he understood there was another will, and that he was afraid that his will wouldn't be any good. The propounder testified that he had heard that there was another will. This is all the evidence in the record as to the contents of the alleged subsequent will. Code § 113-402 provides as follows: "A revocation may be either express or implied. An express revocation is effected when the maker by writing or acts annuls the instrument. An implied revocation results from the execution of a subsequent inconsistent will. The former takes effect instantly, or independently of the validity or ultimate fate of the will or other instrument containing the revocation. The latter takes effect only when the subsequent inconsistent will becomes effectual, and hence, if from any cause it fails, the revocation is not completed."

Conceding only for the purpose of discussion that the evidence as to the contents of the alleged subsequent will is sufficient to establish any of its contents, as caveators contend it is, it must be construed to establish that Steve Marchman was the sole legatee under the subsequent will. It appears from the record that Steve Marchman died before the testatrix. The will in which he was the sole legatee therefore lapsed before the death of the testatrix and must fail. Under Code § 113-402 above quoted, the will, having failed, will not amount to a revocation of the former will by implication, since, "if from any cause it fails, the revocation is not completed." See also Redfearn on Wills & Administration of Estates in Georgia (Rev. ed.) 122, § 88.

The case of *Driver* v. *Sheffield*, 211 *Ga.* 316 (85 S. E. 2d 766), is not in conflict with the rulings made herein because in that case the caveators were relying upon a specific revocation clause in the subsequent will, and under Code § 113-402 the effect of a specific revoking clause is not dependent upon the ultimate fate of the subsequent will, while, in the case of a revocation by implication, it is effective only when the inconsistent subsequent will becomes effective.

It follows that, since it appears positively and uncontradictedly that the subsequent will could not become effective, even if adequately proved, to revoke the former will by implication, a judgment for the propounder was demanded by the evidence, and it was error to deny the motion for a judgment notwithstanding the verdict, and it is directed that, upon the return of the remittitur, judgment be entered in accordance with the motion for a directed verdict.

*Judgment reversed with direction. All the Justices concur.*