37269. BANKS, Administrator *v.* HARVEY.

TOWNSEND, Judge. 1. "To constitute a valid gift, there shall be the intention to give by the donor, acceptance by the donee, and delivery of the article given or some act accepted by the law in lieu thereof." Code § 48-101. "Actual manual delivery shall not be essential to the validity of a gift. Any act which shall indicate a renunciation of dominion by the donor, and the transfer of dominion to the donee, shall be a constructive delivery." Code § 48-103. The delivery of keys to personal property accompanied by a declaration that the donor is giving the property to the donee is sufficient evidence to sustain a finding that there has been a constructive delivery of

the object. *Underwood* v. *Underwood*, 43 *Ga. App.* 643(4) (159 S. E. 725).

2. Where the circumstances are not such as to negative delivery of a gift, declarations of the donor that he has given personal property to another living on the premises with him are sufficient to authorize a recovery by the donee. *Whatley* v. *Mitchell*, 24 *Ga. App.* 174(1) (100 S. E. 229).

3. It appears in the present case that the intestate, on the day before he was killed, purchased a Pontiac automobile under retention title and signed notes for the balance in his own name; that he met the defendant, who was living with him as his common-law wife or mistress, at the bus station and drove her to the premises where they had lived together for approximately five years, gave her a set of keys to the automobile, and told her that he was giving it to her. The next day he repeated the same thing to a neighbor and both parties stated before this witness that he had given the defendant the automobile. Of the $400 down payment, $100 was contributed by the plaintiff to the intestate and the balance of $300 was paid out of his own funds; the balance of the purchase price was payable by insurance after his death. The plaintiff administrator of the intestate's estate brought a trover action to recover the vehicle from the defendant, and on the trial of the case, introduced the retention-title contract and rested his case. The defendant, as above set forth, proved that the intestate had given her the keys to the car and had stated both to her and other witnesses that he was making her a gift of the automobile. The trial court, sitting without a jury, found for the defendant. Since this judgment is authorized by the evidence, the trial court did not err in denying the motion for new trial thereafter filed on the general grounds only.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

Decided September 19, 1958.

*J. C. Daugherty*, for plaintiff in error.

*L. D. Burns*, contra.