S92A1350. RAWLINS v. HULME et al.
(425 SE2d 861)

CLARKE, Chief Justice.

In 1975, Elvin Dennis Rawlins executed a will which left all his property to his brother, the appellant in this case. The appellant was also named executor of this will. Several months before his death in 1989, the testator went to the home of his brother-in-law, Norris Campbell, bringing with him a folded document backed in blue paper. The testator told Campbell that this document was his will, but that "it was not like [he] wanted it." According to Campbell, the testator stated that he was going "to do away with it and make a new one." The testator then ripped the document in several pieces and threw them in Campbell's trash. Campbell never saw the contents of the document.

The testator died in June 1989, and appellant, as executor, of-

fered the 1975 will for probate. Appellees, heirs-at-law of the testator, filed this caveat, maintaining that the 1975 will was executed under undue influence, and, in the alternative, that the 1975 will had been revoked. A hearing was held before the probate court at which the appellees offered a photocopy of a will dated 1981. The photocopied will bore an original signature purported to be that of the testator, but was not attested to as required by OCGA § 53-2-40. There is no evidence that anyone saw the testator sign the 1981 will. A clause in the 1981 will provided that it revoked all previous wills.

The probate court concluded that the 1975 will was revoked because the testator expressed to Norris Campbell a "clear and convincing" intent to revoke by destruction a document which he stated was his will, regardless of whether this was the 1975 will or 1981 will. See OCGA § 53-2-74. The probate court stated in its order that "[i]f the document was the 1981 will of the decedent and it was properly witnessed and valid at that time, it indeed revoked the 1975 will." The probate court therefore sustained the caveat and held that the testator died intestate.

The problem here, as recognized by the probate court, is *if* the 1981 will was properly witnessed and valid, and was destroyed by the testator, it revoked the 1975 will. However, there is no evidence in the record before us that the 1981 will was properly attested to or otherwise valid. Even assuming, arguendo, that the testator destroyed the 1981 will in Campbell's presence, the evidence does not authorize a finding that the destroyed document met the requirements for revoking the 1975 will. Under OCGA § 53-2-73, an express revocation by written instrument must be executed with the same formalities, and attested to by the same number of witnesses as the execution of the original will. Destruction of an inadequately executed will would have no effect on the 1975 will.[1]

Further, there is insufficient evidence to show that the testator destroyed the 1975 will. The parties agree that the 1975 will was validly executed and revoked all previous wills. The original of the 1975 will was offered, intact, for probate. To assume, without more, that the destruction of an unexamined document constituted the revocation of the 1975 will would not carry out the intent of OCGA § 53-2-74, which requires certainty as to the will obliterated or destroyed in order to effect a revocation.

*Judgment reversed. Hunt, P. J., Benham, Fletcher, Sears-Collins and Hunstein, JJ., concur.*

---

[1] We note that had there been sufficient proof that the 1981 will was validly executed and had been revoked by destruction, the 1975 will would not have been revived absent republication. OCGA § 53-2-73; *Driver v. Sheffield*, 211 Ga. 316 (85 SE2d 766) (1955).

732

Smith, Welch & Studdard, Benjamin W. Studdard III, J. Mark Brittain, for appellant.

C. Alan Mullinax, Michael Green, for appellees.