S06A1097. HARPER v. HARPER et al.
(635 SE2d 711)

BENHAM, Justice.

Appellant Mina Harper is the widow of James D. Harper, who died September 26, 2004. Appellees Michael Harper and Vivian Harper Parnell are the adult children of the decedent from a previous marriage. Mrs. Harper offered for probate in solemn form a will the decedent executed on March 6, 2001, and appellees filed a caveat alleging the proffered will was the result of undue influence and had been revoked by a subsequent writing. The probate court admitted the 2001 will to probate in solemn form after concluding there was no

evidence of mental incapacity or undue influence and there was proper attestation. The caveators filed an appeal to the Superior Court of Bartow County, contending they were entitled to a jury trial on the issues of whether their father had executed a will after March 6, 2001, and whether the post-March 2001 will was lost or Mrs. Harper improperly withheld it. The caveators did not offer a subsequent will, but relied on parol declarations made by the testator to friends and family and appellees' testimony as to appellant's recitation to them of what was in the will the decedent purportedly executed after 2001. The trial court denied Mrs. Harper's motion for summary judgment after concluding there was evidence "which a jury could find persuasive to establish the existence of a subsequent will revoking the [March 6 will]." This Court granted Mrs. Harper's application for interlocutory review, asking "whether the superior court correctly held that a genuine issue of material fact remains as to the existence of a subsequent, properly-executed, written will which expressly revoked the testator's prior will. See *Driver v. Sheffield*, 211 Ga. 316 (4) [(85 SE2d 766)] (1955)."

A testator may change or revoke his will at any time prior to the death of the testator. OCGA § 53-4-40. In light of the ambulatory nature of a will and the danger posed by leaving a will open to revocation by any act or declaration by the testator that the written will no longer expressed his testamentary wish, "an act which will revoke a will must be one prescribed in the statute." *Payne v. Payne*, 213 Ga. 613, 614 (100 SE2d 450) (1957). A testator may revoke his will "by writing or action [that] expressly annuls a will" (OCGA § 53-4-42 (b)), or by means of an implied revocation which "results from the execution of a subsequent inconsistent will that does not by its terms expressly revoke the previous will." OCGA § 53-4-42 (c). An express revocation "may be effected by a subsequent will or other written instrument that is executed, subscribed, and attested with the same formality as required for a will" (OCGA § 53-4-43), and takes effect immediately. OCGA § 53-4-42 (b). An implied revocation "takes effect only when the subsequent inconsistent will becomes effective. If the subsequent inconsistent will fails to become effective from any cause, the implied revocation is not completed." OCGA § 53-4-42 (c); *Miller v. Marchman*, 214 Ga. 355, 357 (104 SE2d 888) (1958).

There is no evidence of an express revocation in the case at bar since appellees presented no evidence of a subsequent will or other written instrument that was executed, subscribed, and attested with the same formality as for a will and contained a statement expressly revoking earlier wills. See *Rawlins v. Hulme*, 262 Ga. 730, 731 (425 SE2d 861) (1993). In *Driver v. Sheffield*, supra, 211 Ga. 316 (4), this Court allowed the use of parol testimony to prove the existence of a revocation clause in a subsequent will that was lost or destroyed.

However, to permit the use of parol evidence to establish the possibility of the existence of a subsequent will containing a revocation clause in order to defeat probate of a will admitted to probate in solemn form cannot be tolerated because it puts us in danger of returning to the days of revocation by oral declaration. See *Payne v. Payne*, supra, 213 Ga. at 614. In the case at bar, appellees have presented no evidence of a subsequent writing executed with the formalities of a will (compare *Cash v. Cash*, 212 Ga. 416 (3) (93 SE2d 346) (1956); *Miller v. Marchman*, supra, 214 Ga. 355), much less whether the purported subsequent will contained a revocation clause. See also *Estate of Lassiter v. Commr. of Internal Revenue*, 2000 Tax Ct. Memo LEXIS 383 (2000) ("where . . . a record is devoid of any evidence going to the existence of an explicit revocation clause or the elements of proper execution (i.e., witnesses and other formalities), or even any allegations thereof by a person in a position to have knowledge of the decedent's actions, the Supreme Court of Georgia would not find an express revocation to have been effected."). Accordingly, we cannot agree with the trial court's determination that there is a genuine issue of material fact as to the existence of an express revocation of the 2001 will.

If appellees were proceeding under the theory that probate of the 2001 will is defeated by an implied revocation that began with the decedent's purported execution of a subsequent inconsistent will, the actual contents of which are unknown because the subsequent will has been lost but which appellees hope to establish through the parol declarations of the decedent and their testimony concerning statements made to them by Mrs. Harper, they also fail.[1] An implied revocation by means of a subsequent inconsistent will "extends only so far as an inconsistency exists between **testamentary instruments**." (Emphasis supplied.) OCGA § 53-4-47. A "testamentary instrument" is "[a]n instrument in the nature of a will; an unprobated will; a paper writing which is of the character of a will, though not formally such, and, if allowed as a testament, will have the effect of a will upon the devolution and distribution of property." Black's Law Dictionary, p. 1322 (5th ed. 1979). Because an implied revocation by subsequent inconsistent will takes effect only when the subsequent will becomes operative (*Miller v. Marchman*, supra, 214 Ga. at 357), and then is only effective as to inconsistencies between the later testamentary instrument and an earlier testamentary instrument, we conclude the subsequent inconsistent will must be a

---

[1] Under appellees' theory, the loss of the subsequent will brings into play the statutory rebuttable presumption that the subsequent will is revoked (OCGA § 53-4-46), resulting in the decedent having died intestate unless Mrs. Harper can prove the decedent did not execute the lost will, the existence of which has not been established.

written document. Appellees having failed to produce a written subsequent inconsistent will, they did not prove an implied revocation of the 2001 will.

Since appellees did not establish an express revocation of the 2001 will or an implied revocation by subsequent inconsistent will, the trial court erred in denying Mrs. Harper's motion for summary judgment affirming the order of the probate court admitting the 2001 will to probate.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 2, 2006.

*Akin & Tate, William M. Akin,* for appellant.
*Brinson, Askew, Berry, Seigler, Richardson & Davis, C. King Askew, Ansel F. Beacham III,* for appellees.

