Hayden *vs.* McKnight.

J. A. HAYDEN, administrator, plaintiff in error, *vs.* BENJA-MIN McKNIGHT, defendant in error.

(BY TWO JUDGES.)—When the maker and indorser of a note are sued in the same action by the administrator of the indorsee, and the maker is dismissed from the action on account of his having received his discharge in bankruptcy, and the issue was whether the indorser was discharged by indulgence granted by the indorsee to the maker, the maker is a competent witness in behalf of the indorser to prove that the indorsee, in his lifetime, gave such maker indulgence on said note for a valuable consideration. 12th March, 1872.

Evidence. Witness. Before Judge GREEN. Henry Superior Court. October Term, 1871.

The facts are in the opinion.

CLARK & PACE, for plaintiff in error.

J. J. FLOYD ; J. R. NOLAN, for defendant.

MONTGOMERY, Judge.

This was a suit on a note given for $1,350, dated February 13th, 1860, and payable December 21st after date, signed by S. R. Weems, as maker and Benjamin McKnight, as indorser. The maker having produced in Court his certificate of discharge in bankruptcy, an order was taken dismissing him from the case.

He was then offered by his late co-defendant as a witness to prove that the intestate of plaintiff, who was the payee of the note had, in his lifetime, granted him indulgence for a valuable consideration. Plaintiff objected to the witness on the ground that his intestate, one of the original parties to the contract was dead, and relied on *Stamper's case*, 37 *Georgia Reports*, 118 ; *Ibid* 586, 623 ; 39 *Georgia Reports*, 186 ; 42 *Georgia Reports*, 120 ; Code, section, 3798. The Court overruled the objection and plaintiff excepted.

The case most nearly analogous to the present is *Stamper's case*, 37 Geargia Reports, 118. We think, however, there

is a marked distinction between the two cases. Stamper, in the case in 37 Georgia Reports, was a party to the record in whose favor the verdict, if plaintiff recovered, must necessarily go. He " was a necessary party; the recovery could be had alone in his name, and, therefore, he was offered as a witness to testify in his own favor." Here the witness is not a party to the record, and is not offered " *to testify in his own favor.*" This would seem to be the touchstone under the statute if he is not called to testify in his own favor," he is competent. And, even when called to testify in his own favor, if he is not called against the interest of deceased party to the contract, this Court has decided him competent, *Hodnett vs. Perry,* 38 Georgia, 106.

Judgment affirmed.