25019. MATHIS *et al. v.* GASKINS *et al.,* administrators.

STEPHENS, J. 1. Testimony of the maker of a note, to prove payments made by him to the payee who has since died, is as to a matter in favor of the maker, and against the deceased, as to a transaction with the deceased; and in a suit by the administrator of the deceased payee against the maker and the sureties, to recover on the note, the maker is incompetent as a witness to testify to payments made by him to the payee. Code of 1933, § 38-1603 (Code of 1910, §§5858, 5859).

2. This incompetency of the maker is not removed by the facts that in a suit by the administrator of the deceased payee against the maker and the sureties on the note, the maker, in addition to a plea of payment, files and insists upon a plea of discharge in bankruptcy, and that the evidence adduced on the trial establishes, conclusively and without contradiction, the maker's discharge in bankruptcy of the debt sued on. In *Hayden* v. *McKnight,* 45 *Ga.* 147, in which it was held that in a suit by the administrator of the deceased indorsee against the maker and indorser, where the maker had produced his certificate of discharge in bankruptcy and an order had been taken "dismissing him from the case," the maker was competent to testify in favor of the indorser, the codefendant, as to a transaction between the maker and the deceased indorsee, whereby the indorsee granted to the maker an indulgence by which the indorser was discharged, the testimony of the maker was not in his own favor but was in favor of the codefendant, and for this reason the maker was not rendered incompetent by the Code section cited above, which renders a party incompetent to testify in his own favor against a deceased where the suit is brought against him by the administrator of the deceased.

3. The court erred in admitting over objection of the plaintiff, the testimony of the maker as to payments made by him on the note to the deceased payee, and did not err in sustaining the plaintiff's motion for a new trial, setting aside the verdict in so far as it found for the plaintiff against the sureties in an amount reduced by the amount of payments testified to by the maker. The maker having by uncontradicted evidence estab-

lished his discharge in bankruptcy as a matter of law, the verdict in his favor was demanded; and the court erred in granting to the plaintiff a new trial as to the maker. The judgment on the plaintiff's motion for new trial, in so far as it set aside the verdict for the plaintiff against the sureties in the amount sued for, less the amounts represented by the payments made on the note, is affirmed; but in so far as it set aside the verdict for the maker, it is reversed.

*Judgment affirmed in part and reversed in part. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 7, 1936.

*H. L. Jackson,* for plaintiffs in error. *William Story,* contra.