JOSHUA F. USRY, executor, plaintiff in error, *vs.* J. WILLIAM HOBBS *et al.*, defendants in error.

Where a testator, by the third item of his will, gave the bulk of his property to his wife during her life, and at her death to be equally divided between her children; and by the eighth item, bequeathed to his granddaughter $1,000.00 to be paid to her at the close of his estate, "and $500.00 to be paid to her for her tuition, which will be $1500.00 in all, and if she should depart this life, the money to be returned to the estate:"

*Held*, that construing the two items together, the testator intended that should his granddaughter die before the close of his estate, the legacy lapsed, but if she lived to that time, the money was to be paid to her absolutely and unconditionally. The period fixed for the close of his estate was upon the division of his property among his children, after the death of his wife.

Wills. Legacy. Before Judge GIBSON. Glasscock Superior Court. August Term, 1875.

Reported in the decision.

H. D. D. TWIGGS, for plaintiff in error.

C. S. DuBOSE, for defendants.

WARNER, Chief Justice.

The plaintiffs, as the heirs at law of Grace Wilcher Usry, brought their action on the common law side of the court, against the defendant as the executor of John Usry deceased, to recover the sum of $1500.00. The plaintiffs alleged in their declaration, that John Usry, by the eighth item of his will, bequeathed the said sum of money to his granddaughter, which is in the following words: "I give, bequeath and devise to my granddaughter Grace Wilcher Usry, one thousand dollars, to be paid to her at the close of my estate, by my executors whom I shall hereafter appoint, and five hundred to be paid to her, for her tuition, which will be fifteen hundred in all, and if she should depart this life, the money to be returned to the estate." The testator appointed

his son, Francis M. Usry, guardian of the person and property of his said granddaughter, and also appointed his son, Joshua F. Usry, the present defendant, one of his executors. The plantiffs allege in their declaration, that one of them, to-wit, William Hobbs, intermarried with the said Grace Wilcher Usry, and had born to them three children ; that in April 1873, the said Grace died, leaving her said husband and three children, her heirs at law ; that her testamentary guardian never received any part of the $1500, from the executors of her grandfather, and that she did not receive any part thereof during her life-time, although the said estate was closed before her death, and the payment of said sum of money demanded. The plaintiffs also allege, that the defendant, as executor aforesaid, on the settlement of said estate, retained the said sum of $1500 in his hands, to be paid to the said Grace who was then in life, but who now refuses to pay the same to the plaintiffs. The defendant demurred to the plaintiffs' declaration on the ground that the will of the testator gave only a life estate in the $1500, and that at her death the money was to be returned to the testator's estate. The court overruled the demurrer, and the defendant excepted.

The main question presented by the record and bill of exceptions in this case for our judgment, is as to the proper construction to be given to the eighth item of John Usry's will, and that question is not altogether free from doubt or difficulty, in consequence of the peculiar wording of his will by the testator. In the construction of all legacies, the court will seek diligently for the intention of the testator, and give effect to the same, as far as may be consistent with the rules of law : and to this end, the court may transpose sentences or clauses, or change connecting conjunctions, or even supply omitted words in cases where the clause as it stands is unintelligible or inoperative, and the proof of intention is clear and unquestionable ; but if the clause, as it stands, may have effect, it shall be so construed, however well satisfied the court may be of a different testamentary intention—*Code*,

§2456. It is insisted by the plaintiff in error, that it was the clear intention of the testator that his granddaughter should have the money legacy bequeathed to her during her life only, and that if she died at any time, even after her arrival at full age, or after her marriage, the legacy was to be returned to his estate, and that the court is bound to carry that intention into effect, according to the expressed words of the will. When we examine the entire will of the testator, and ascertain his testamentary scheme as to the disposition of his property, it is clearly apparent, we think, that it was the intention of the testator that the legacy bequeathed to his granddaughter should be paid to her at the close of his estate, and if she should depart this life before that time, then the money should be returned to the estate. By the third item of his will, the testator gave the bulk of his property to his wife during her life, and at her death directed it to be sold and equally divided between her children—and this was to be the closing of his estate as contemplated by him in the eighth item of his will, in which he bequeathed to his granddaughter the money legacy in question, " to be paid to her at the close of my estate by my executors." The testator evidently contemplated that when the property given to his wife during her life, should be sold after her death and divided between her children, that his estate would then be closed. The testator, by the eighth item of his will, gave the legacy therein mentioned to his granddaughter absolutely and unconditionally, to be paid to her at the close of his estate, by his executors, and if she should depart this life, the money to be returned to the estate. Depart this life, when? Most obviously, if she should depart this life before the time when he directed the money to be paid to her by his executors—to-wit, at the close of his estate, and not, as is contended for by the plaintiff in error, if she should depart this life at any time after this absolute legacy was directed to be paid to her as her own right and property. It was the manifest intention of the testator, in our judgment, in view of the entire provisions of his will, that

if his granddaughter was living at the time of the close of his estate, that the money legacy bequeathed to her in the eighth item of his will, should then be paid to her by his executors as her own absolute right and property; and, as it appears from the averments in the plaintiffs' declaration, that she was living at that time, the legacy vested in her, and the plaintiffs, as her heirs at law, were entitled to recover the same, and the demurrer to the plaintiffs' declaration was properly overruled, there being no question made as to the plaintiffs being the proper parties to the suit.

Let the judgment of the court below be affirmed.