## TAYLOR, executrix, *et al. vs.* MEADOR.

Where a testator bequeathed to his wife all of his estate until January 1st, 1880, at which time she was to distribute and pay to each child then living, or their heirs, $7,000.00, any previous payment being deducted, and directed that if any of the children should die without leaving any heirs, their share should be divided among the surviving children, it was clearly the intention of the testator to give to each of his children $7,000.00 contingent upon their living to January 1st, 1880, when such distribution and payment were to be made, that those who lived and received the legacies should have them absolutely, and that if any did not live to that time and left heirs (probably meaning children), those heirs were to take, but if no heir were left, then the surviving brothers and sisters were to take.

Wills.   Legacy.   Before Judge HILLYER.   Fulton County.   At Chambers.   September 4th, 1880.

Reported in the decision.

HOPKINS & GLENN, for plaintiffs in error.

HENRY HILLYER, for defendant.

SPEER, Justice.

Florinda W. Taylor, as executrix of R. G. Taylor, Katie G. Phelps, formerly Taylor, Georgia W. Williams, formerly Taylor, and T. W. Taylor, allege that the testator, R. G. Taylor, was the husband of the executrix and father of the other complainants.   That testator died the 9th of October, 1874, leaving a last will.   That one of complainants, to-wit: Florinda W. Taylor, qualified as executrix.   That the daughter named in the will, Florinda Taylor, was born the 7th of May, 1860, intermarried 1st of October, 1879, with defendant Charles D. Meador, and on the 17th of July, 1880, died without issue.   That about the first day of January, 1880, the seven thousand dollars mentioned in the third item of the will was deliv

ered to her and was loaned to J. W. Goldsmith & Co., and they gave their note for it due the 1st of November, 1880. That the note is now held by Meador, who is insolvent, and claims to own the note and the fund it represents, as heir at law of Florinda, his wife. Complainants, Katie G., Georgia W., and Tomlinson W., and said Florinda, were the only children of testator, and by the third item of his will testator intended that the seven thousand dollars mentioned should go to his children, and if either of them should die without leaving children, then it should go to his surviving children. That he used the words " heirs" in said clause thereby meaning children.

Complainants charge that defendant, Meador, claims said note and its proceeds—that he may transfer the note to an innocent holder, or if he collects the money it will be lost to complainants. An injunction is prayed for against both Goldsmith and Meador from transferring, using or collecting said note, that Goldsmith may be decreed to pay to complainants the amount thereof, and that the note be canceled.

On hearing the application for an injunction the same was refused, whereupon complainants excepted and assign the same as error. The following is the third item of testator's will referred to :

" Thirdly—I give, bequeath and devise to my beloved wife, Florinda Williamson Taylor, all my estate, both real and personal, until the first day of January, A. D., 1880, at which time she is to distribute and pay to each child then living, or their heirs, that is Katie G. Taylor, Georgia W. Taylor, Florinda Taylor and Tomlinson Taylor, seven thousand ($7,000.00) each, any amount paid over to either during that time, that is up to 1st of January, 1880, to be deducted from said share of seven thousand dollars, and if any of the above named children should die without leaving any heirs, their share to be divided among the surviving children."

In reviewing the decision made, upon the application

for an injunction, it devolves upon this court to construe the third item of the will of Richard G. Taylor, and determine what are the respective rights under the law of these complainants, brothers and sisters of their deceased sister, and of the surviving husband, Meador, who claims as her sole heir at law.

"In the construction of all legacies the court will seek diligently for the intention of the testator and give effect to the same as far as it may be consistent with the rules of law, and to this end the court may transpose sentences or clauses and change connecting conjunctions, or even supply omitted words in cases where the clause as it stands is unintelligible or inoperative and the proof of intention is clear and unquestionable. *But if the clause as it stands may have effect it shall be so construed, however well satisfied the court may be of a different testamentary intention.*" Code, §2456.

Guided by this clear and well-defined rule, we can find no necessity in seeking the intention of the testator as to the disposition of his property, to do more than to read the will as it is written, for we can see no difficulty but that "every clause may have effect as it stands," and if so the rule is imperative that "it shall be so construed however well satisfied we may be of a different testamentary intention."

It was evidently the testator's intention to postpone a distribution of his estate as to these moneyed legacies until 1st of January, 1880. That on that day there should be a distribution of $7,000.00 to each of his children by name, each to account for any amount paid over during that time, that is up to 1st of January, 1880, and to be deducted from said share of $7,000.00. Can it be denied that it was the intention of the testator to have paid to each child $7,000 00 of his estate by the 1st of January, 1880, by his executrix? when so paid—and as to the deceased, Florinda Taylor, the bill alleges it was paid about the 1st of January, 1880—what title did she take

She took the *absolute fee*, and that without qualification or condition. If so, upon her death it descended to her surviving husband as her sole heir. It certainly was the intention of the testator, had any of these children died prior to 1st of January, 1880, " without leaving any heirs," that the share of such deceased child should be divided among the surviving children. But in this case such a contingency never occurred. Under the will of her father, Florinda Taylor, so it appears from this record, received her seven thousand dollars absolutely and unconditionally, about the 1st of January, 1880—the will gave her the title to it, and her subsequently dying without heirs could not make that contingent which had already vested. In the view we take of this case, it is not material whether the word " heirs " where it appears in this item of the will, is construed to mean children or not; it cannot affect the result. The share of each of these children was intrusted to his executrix until 1st of January, 1880, then she was to pay it to each—but suppose one died, (a probable event), " then if any died without leaving heirs," their share " to be divided among the surviving children." Whose share? The share of the deceased one. To be divided by whom? By his executrix. How could she divide it if she carried out the injunction to pay the $7,000.00 by the 1st of January, 1880, and *had done so?* To our minds it was clearly the intention of this testator by this item of his will to give to each of his children the sum of seven thousand dollars, contingent upon their living to the 1st of January, 1880, when such payment and distribution was to be had, and that he intended those who lived and received this legacy to have it absolutely. That if any did not live to that time and left heirs (probably meaning children), those heirs were to take it, but if any one of them died before the 1st of January, 1880, leaving no heirs, then the surviving brothers and sisters took. By this construction " this clause of this will as it stands has its full effect," and such, under the law, it is our duty to

give it, though we may have doubts whether or not the *testamentary intention · of the writer may not* have been different. See Code, §2456; 58 *Ga.*, 32.

Holding then, as we do, that Florinda Meador had the absolute title to this money at her death, and having died intestate, her husband surviving is her sole heir, and the court below did not err in refusing the injunction.

Let the judgment of the court be affirmed.