## HILTON *et al.* *v.* SHERMAN *et al.*, executors.

1. Where a testator directs that his executors shall furnish to his wife a home to be selected by her and to be her property, the cost not to exceed $5000, to be used as a home for herself and his minor children and any other of his children who may desire to reside there, such gift is absolute and unconditional; and failure of the wife to select such home during her life will not defeat said legacy, the right of selection of the home not being a condition precedent, the non-performance of which will defeat the gift.

2. Equity treats money directed in a will to be employed in the purchase of land as land; and where the whole beneficial interest in the land or money belongs to the person for whose use it is given, a court of equity will permit such person to take the land or the money at his election, if he elect before the conversion is made, and in case of the death of the cestui que trust without having made the election, the property will pass to his heirs or personal representatives in the same manner as it would have done if the conversion had been made and the trust executed in his lifetime.

3. Whether the wife was the sole and unconditional owner of this gift, or whether the same was impressed with a trust in favor of the minor

children of the testator, upon her death these children took her interest therein by inheritance, thus becoming the sole owners thereof, and are now entitled to the home or the money at their election.

4. A court of equity has power to make election for infants.

No. 3460.   MAY 19, 1923.

Construction of will.   Before Judge Worrill.   Early superior court.   May 19, 1922.

J. S. Sherman and H. E. Hightower, as surviving executors of the will of E. Hilton, filed their petition for construction of item 4 of the will of their testator, against William Clark Hilton, Leseur Hilton, Lucy Hilton Sapp, Sarah Hilton, Annie Hilton Sherman, Minnie Hilton Hightower, Thomas Bynum, and Thomas Bynum Jr., as heirs at law and beneficiaries under the will of said testator; and made this case:   The beneficiaries under the will of testator are Annie Hilton Sherman, Minnie Hilton Hightower, Lucy Hilton Sapp, who are over 21 years of age; William Clark Hilton, Leseur Hilton, and Sarah Hilton, minors for whom petitioners are testamentary guardians; Thomas Bynum, husband of Nettie Hilton Bynum, deceased; and Thomas Bynum Jr., the son of said Nettie Hilton Bynum.   Item 4 of the will is as follows: " In addition to the provision hereinbefore made in this will for my wife and three younger children, I desire that my executors hereinafter named shall furnish to my said wife a home to be selected by her, and to be her property, at a cost of not exceeding five thousand dollars, to be used as a home for herself and my said minor children, and any other of my children who may wish to reside there; and she shall have any and all household furniture of every kind which I may own at my death."   The wife of the testator referred to in said item died in March, 1920, leaving as her sole heirs at law Lucy Hilton Sapp, William Clark Hilton, Leseur Hilton, and Sarah Hilton.   Prior to her death the wife of the testator made no demand upon the executors for the building of the home referred to in item 4 of his will.   She did not make any selection of a home, nor indicate to petitioners a sum of money, not exceeding $5000, which she desired to be invested in said home. She maintained a home for herself and minor children during her lifetime.   The heirs at law of the wife are now demanding of petitioners the sum of $5000 to be invested in a home, contending that under the terms of item 4 they have a right thereto and to have said sum expended for said home.   Other beneficiaries under the

40

will contend that under item 4 the children of the wife of testator are not entitled to have said sum of money paid over to them or to have a home constructed for their use. Being in doubt as to the proper construction of item 4, and on account of the difficulty in construing the same, petitioners prayed that the court construe this item and direct what they should do.

Attached to the petition is a copy of the will. By item 1 the testator directed that his three minor children, William Clark Hilton, Leseur Hilton, and Sarah Hilton, should each have the, sum of $2500 to be used to educate them, in addition to the portions of his estate given them under his will. By item 2 he directed that his wife should have equal share in all his property with his children for life or widowhood; and in the event she died or married again, then her share in the estate should go to his children, share and share alike, the children of a deceased child to take the share of their parent. By item 3 he directed that the provision made for his wife should be in lieu of dower, year's support, and any other interest in the estate, except such as might be provided for in his will. Item 4 is set out above. Item 5 provided that after the foregoing provisions of his will were complied with, the remainder of his estate was to be divided equally among his children, Annie Hilton Sherman, Minnie Hilton Hightower, Lucy Hilton Sapp, Nettie Hilton, William Clark Hilton, Leseur Hilton, and Sarah Hilton, and his wife, or among such of them as were living at the time of testator's death; and that his wife's share in the estate should revert to his estate at her death or marriage. By item 6 the testator left it discretionary with his executors as to the time when, or manner in which, and the circumstances under which his estate should be divided as provided under item 5 of his will. By item 7 he provided that until the division of his estate as provided in item 5 should have taken place, the income therefrom, after making provision as set forth in items 1 and 4, should be paid over for the use and benefit of his wife and children, share and share alike, and the portion of his income for the minor children be invested and used for their benefit by his executors, who were appointed testamentary guardians with full power to make necessary investments for support, maintenance, education, and benefit of said minor children. By item 8 his wife, Sarah Hilton, and his two sons-in-law, J. S. Sherman and H. E. Hightower, were named executors of his will.

William Clark Hilton, Leseur Hilton, Sarah Hilton, and Lucy Hilton Sapp filed their answer and admitted the substantial allegations of the petition. They further set up that at the time of testator's death he lived with his family in the country at his place of business; that the house in which they lived then has since been used by the executors as a tenant-house; that after testator's death their mother put the three minor children in school at Barnesville, Ga., and lived with them at Barnesville until her death, and since her death they have had no home, having lived most of the time when out of school in the home of the husband of Lucy Hilton Sapp, who is now living apart from her husband; and that said minors are now living with their sister, Lucy Hilton Sapp, at Barnesville in a house rented by her. William Clark Hilton is 20 years of age, Leseur Hilton is 16, and Sarah Hilton is 12. The provision in item 4 of the will is mandatory. The same is a special legacy to their mother, which vested upon the death of testator; and the fact that their mother died before the executors carried out said provision affords no reason why it should not now be carried out, since the same was made as much for the benefit of said minors as for their mother. They are entitled to the use and benefit of said home.

The will was executed on March 27, 1915, but it does not appear when the testator died or when the will was probated. The case was heard by the judge upon the pleadings; and he decided that the executors were without power or authority to furnish a home to testator's minor children out of the general assets of the estate, and that under item 4 the bequest of a home to testator's wife was personal to her and conditioned upon the selection by her in her lifetime of the location, character, and cost of said home, not to exceed $5000; and she having died without making such selection, the right to said home ceased and determined, and did not survive to her minor children. To this judgment William Clark Hilton, Leseur Hilton, Sarah Hilton, and Lucy Hilton Sapp excepted.

*A. H. Gray,* for plaintiffs in error.

*Pottle & Hofmayer,* contra.

HINES, J. (After stating the foregoing facts.) We do not think that the construction put upon item 4 by the judge below is the right construction of this provision of this will. He treats

the estate created thereby as one upon a condition precedent, which was defeated by lack of performance of this condition by the wife in her lifetime and the impossibility of its performance since her death. The mistake springs from treating the estate as one up-on condition. Such an estate is one granted upon a condition, .expressed or implied, upon performance or breach of which the estate either commences, is enlarged, or is defeated. Civil Code (1910), § 3716. In this item the testator directs that his executors shall furnish to his wife a home to be selected by her, and to be her property, at a cost not exceeding $5000, to be used as a home for herself and his minor children, and any other of his children who may desire to reside there. Here there is no express condition. Does the language create an implied condition? No precise form of words is necessary to create conditions in wills. Any expression disclosing the intention will be sufficient to create a condition, but such intention must be definitely expressed. 2 Jarman on Wills (6th ed. by Sweet), 1461, 1462. Does this language, giving to the wife the right of selection of the home, definitely express the intention of the testator to make selection a condition upon performance of which the gift was to take effect? By this item he was making an additional provision for his wife. He made it mandatory upon his executors to furnish to his wife a home, which was to be her property and to be used as a home for herself and his said minor children, and any other of his children who might wish to reside there. He gave to his wife all household furniture which he might own at his death. It was thus made the duty of the executors to provide this home for the widow. The duty rested upon them to execute the will. They should have at least conferred with the wife in reference to the selection of the home, and not have waited until she made a demand upon them to carry out this provision of the will. The date of the death of the testator does not appear from the record, nor the date of the probate of his will. So we can not tell what length of time elapsed between the dates of their deaths. We can not say whether the delay was unreasonable or not, if delay was a factor in solving the question under consideration. The burden rests upon those who allege the forfeiture of the legacy, to clearly prove the facts upon which it rests. But, independently of this fact, we do not think the mere failure of the wife to select the home defeats this legacy. The

method of effecting the purchase of the home should not be held to be a condition precedent upon the performance of which the estate was to commence, and·for lack of performance of which the legacy would fail and the estate be forfeited.

In construing a legacy the courts should seek diligently for the intention of the testator. Civil Code (1910), § 3900. This is the cardinal rule for our guidance. *Usry* v. *Hobbs,* 58 *Ga.* 32. What was the intention of the testator? In the first item of this will he gave to each of his three minor children the sum of $2500, in addition to the portions of his estate given them under his will, to be used to educate them. In item 2 he gave to his wife a child's share in the estate, for life or widowhood only, and expressly " in lieu of dower, year's support, and any other interest in the estate except such as might be provided for in his will." Item 3 provides that upon her death or marriage her share is to go to his children, share and share alike, the children of a deceased child to take the share of their parent. Then he provides in item 4 for this home for his wife; and in item 5 he declares that, after the foregoing provisions of his will have been complied with, the remainder of his estate is to be divided between his six children and wife, the share of the latter to revert to his estate at her death or marriage. His estate is not to be divided until the foregoing provisions for the education of his children and a home for his wife have been complied with. Here the clear intention of the testator is manifest, that his children are not to share in these portions of his estate. These gifts to his three minor children for an education and to his wife for a home are not to go to his children. It is only the remainder of his estate, after these provisions have been given effect, which is to be divided among his wife and children. So it was the manifest intention of the testator that the legacy to the wife for a home was an absolute and unconditional gift to her; and it was not defeated by her failure to select the home, due to delay and her death. This is especially true in view of the principle of law that a gift to one for a certain purpose is usually absolute. 40 Cyc. 1609. But it is unnecessary to decide whether this legacy was an absolute or unconditional gift to the wife, or whether it was impressed with a trust for the testator's minor children. If it was an absolute gift to the wife and the whole beneficial interest was in her, she could

take either the money or the land. Equity treats money directed in a will to be employed in the purchase of land as land. Where the whole beneficial interest in the land, or the money thus directed to be invested, belongs to the person for whose use it is given, a court of equity will permit such person to take the land or the money at his election, if he elect before the conversion is made; and in case of the death of the cestui que trust, without having made the election, the property will pass to his heirs or personal representatives in the same manner as it would have done if the conversion had been made and the trust executed in his lifetime. Civil Code (1910), §§ 3913, 4523; *DeVaughn* v. *McLeroy,* 82 *Ga.* 687 (2), 692 (10 S. E. 211); *Swann* v. *Garrett,* 71 *Ga* 566; Craig *v.* Leslie, 3 Wheat. (U. S.) 563 (4 L. ed. 460). A court of equity has power to elect for infants. *Swann* v. *Garrett,* supra.

If the wife was the sole and unconditional owner of this legacy, upon her death it went to her heirs at law. If she and these children were joint beneficiaries of this gift, then upon her death they took her interest therein by inheritance, and thus became the sole owners thereof, and are now entitled to the home, or the money, at their election.

*Judgment reversed. All the Justices concur.*