20563.   KING *v.* BENNETT.

S<small>UBMITTED</small> S<small>EPTEMBER</small> 16, 1959—D<small>ECIDED</small> O<small>CTOBER</small> 9, 1959.

O. C. Hancock, R. B. Pullen, for plaintiff in error.
John L. Watson, Jr., Kemp & Watson, contra.

HEAD, Justice. The exception here is to the first grant of a new trial by the trial judge. "The first grant of a new trial shall not be disturbed by the appellate court if said new trial is granted in the discretion of the judge on general grounds, unless the plaintiff in error shall show that the judge abused his discretion in granting it and that the law and facts require the verdict notwithstanding the judgment of the trial court; provided however, that the trial judge shall state in all cases the ground or grounds upon which said new trial is granted and if said new trial is granted solely upon any one or more special grounds said grant of a new trial shall be reviewable by the appellate courts and shall be reversed if the trial judge committed harmful error in granting said motion on any special ground." Ga. L. 1959, pp. 353, 354 (Code, Ann., § 6-1608). Since the motion for new trial contained only the general grounds, the grant of the new trial was not erroneous unless the evidence required the verdict in favor of the propounder.

The evidence in the case and the stipulation between the parties show that the document sought to be probated was a carbon

copy, but that it was executed with the same formality as the original will at the same time, and its provisions were identical with those of the original will. The propounder seeks to probate it as an original will, and not as the copy of a lost or destroyed will under Code § 113-611. Since the execution in duplicate was clearly proved, and the document was signed and attested as the will of the deceased, it should properly be admitted to probate, unless it was revoked by the testatrix during her lifetime.

Our law expressly provides the manner in which a will may be revoked. Code §§ 113-401—113-408. In § 113-404 it is provided: "An express revocation may be effected by any destruction or obliteration of the original will or a duplicate, done by the testator or by his direction with an intention to revoke; such intention will be presumed from the obliteration or canceling of a material portion of the will; but if the part canceled is immaterial, such as the seal, no such presumption shall arise." This section plainly indicates that, where there has been a multiple execution of a will, the destruction of one of the executed copies by the maker of the will with intention to revoke it has the effect of revoking all of the copies, and the same presumption of intention to revoke arises from the destruction of one of the duplicates as would arise if the destroyed copy were the only one. "Where a testator who has executed his will in duplicate cancels or destroys one of the duplicates, the presumption is that he meant thereby to revoke the will, . . ." 95 C. J. S. 283, § 385.

Since the same presumptions arise from the destruction of "the original will or a duplicate" (Code § 113-404), the rules of law applicable to the destruction of the only copy of a will are applicable in the present case. In *McIntyre* v. *McIntyre,* 120 *Ga.* 67 (2) (47 S. E. 501, 102 Am. St. Rep. 71, 1 Ann. Cas. 606), it was held: "Where a paper found among a decedent's papers is offered for probate as a will, and appears to have been canceled or obliterated in a material part, a presumption arises that the cancellations or obliterations were made by the deceased and that he intended them to operate as a revocation."

In *Porch* v. *Farmer,* 158 *Ga.* 55 (2) (122 S. E. 557), the rule quoted from *McIntyre* v. *McIntyre,* supra, was quoted, and it was then stated: "Accordingly, where it is shown that the paper

offered as a will for probate, which had been mutilated in material parts, had been in the custody of the deceased up to the time of her death, the propounder was met with the presumption just stated." See also *Singleton* v. *Shewmake*, 184 *Ga.* 785, 787 (193 S. E. 232); *Langan* v. *Cheshire*, 208 *Ga.* 107, 112 (65 S. E. 2d 415).

The condition of the will when found among the papers of the testatrix, torn in four pieces, the signature torn from it, and missing, certainly shows its cancellation in a material portion, the signature of a will being essential to its validity. This evidence of the condition of the original will, which was in the custody of the testatrix until her death, and found among her papers shortly after her death, raised a presumption that the cancellation was done by the testatrix and that she intended to revoke the will.

Two witnesses testified that the testatrix had made statements to them, or in their presence, indicating that she had torn the will with the intention of revoking it. It is contended by the propounder that this evidence was mere hearsay, and had no probative value. Counsel for the propounder cite *Driver* v. *Sheffield*, 211 *Ga.* 316 (85 S. E. 2d 766), in support of this contention, relying, no doubt, on the statement in that case (headnote 4), "While revocation of a will cannot be established by proof of parol declarations by the testator. . ." There is no holding in that case, however, that, where there is a presumption of law that a will has been revoked by some act which the law recognizes as being sufficient to effect a revocation, evidence may not be admitted as to the parol declarations of the testator in regard to his intentions. In *Driver* v. *Sheffield*, supra, it was the contention of the caveators that the will sought to be probated had been expressly revoked by a subsequent will, which subsequent will had been lost or destroyed. It was held that proof of the revocation clause in the later destroyed will might be made by parol.

In *Patterson* v. *Hickey*, 32 *Ga.* 156, it was held: "Where the question is revocavit vel non, parol evidence, as to the acts and declarations of the testator, are admissible although made at any time between the making the will and the death of the testator."

This was a case where the will offered for probate was torn in two pieces, and the case was reversed because of the error of the trial judge in excluding testimony offered by the caveators as to statements of the testator. This case was followed in *McIntyre* v. *McIntyre,* 120 *Ga.* 67, supra, wherein it was stated (p. 72) : "Where the issue is revocavit vel non, the declarations of the testator are, in this State, admissible, . . ."

In *Saliba* v. *Saliba,* 202 *Ga.* 791 (44 S. E. 2d 744), beginning at page 797, Justice Bell, speaking for the court, analyzed a number of cases dealing with the admissibility of the declarations of a testator, and held that such declarations are admissible in evidence to support or to rebut a presumption of revocation. We have found no case in Georgia contrary to the rule that, where the revocation of a will must be presumed because of its destruction in a material part, declarations of the testator are admissible to support or rebut the presumption that the destruction was the act of the testator with the intention to revoke. The trial judge in the present case properly considered the testimony in regard to the declarations of the testatrix as to her intention to revoke her will by destroying it.

Counsel for the propounder assert that the evidence shows that the testatrix and the propounder made mutual wills, that the propounder provided support and maintenance to the testatrix, and that it would impute an inequitable act to the testatrix to find that she had revoked her will. "Mutual wills may be made either separately or jointly, and the revocation of one shall be the destruction of the other." Code § 113-104. The propounder remarried after the making of the will in which she devised her property to the testatrix, and this marriage revoked her will, since apparently no provision was made in it in contemplation of marriage. Code § 113-408, as amended, Ga. L. 1952, pp. 196, 197. If the contention of counsel is correct, that the wills which the propounder and the testatrix made were mutual wills, then the revocation of the propounder's will by marriage would have revoked the other mutual will. § 113-104.

The issue made in an appeal from the court of ordinary from a judgment probating a will is limited to the questions which may be made in the court of ordinary (*Foster* v. *Allen,* 201 *Ga.*

348, 40 S. E. 2d 57), and the equities of the parties can not be determined on such an appeal. If the propounder had a contract with the testatrix to support her during her lifetime for the consideration of the testatrix devising and bequeathing all of her property to the propounder, this would have to be established in an equitable action. A person with testamentary capacity may revoke a will in one of the ways recognized by law unless contractually obligated not to do so.

The evidence in this case demanded a verdict refusing the probate of the will, and the trial judge did not err in granting a new trial.

*Judgment affirmed. All the Justices concur.*