27538. PAYNE et al. v. PAYNE et al.

ARGUED NOVEMBER 13, 1972—DECIDED DECEMBER 4, 1972.

*Gunter & McDonald, Douglas W. McDonald,* for appellants.

*R. Wilson Smith, Jr., John H. Smith, Oliver & Oliver, Robert Oliver,* for appellees.

MOBLEY, Chief Justice. Willard Roy Payne and Guy Joseph Payne sought to probate in solemn form the will of Ben Ace Payne, executed August 29, 1966. Julius Payne and others filed a caveat. A judgment adverse to the caveators was entered by the acting ordinary, and an appeal was filed by them to a jury in the superior court. Motions for summary judgment were filed by both the propounders and the caveators, and the superior court judge entered a judgment granting the motion for summary judgment of the caveators, and denying the motion for summary judgment of the propounders. The propounders appeal from this judgment.

■ The caveat filed in the court of ordinary alleged that the will offered for probate as the will of Ben Ace Payne was not signed by him, and that it was not his will. After the appeal was filed in the superior court, the caveators amended their caveat by adding the following allegations: Ben Payne destroyed the original of the purported will sought to be probated, with the intention of revoking it, and no written will was made thereafter by Ben Payne. After Ben Payne destroyed and revoked the purported will, he expressed his desire that all of his property be distrib-

uted among his heirs, which was contrary to the purported will. The will sought to be probated did not express the desire and will of Ben Payne. The document offered by the propounders as the will of Ben Ace Payne was a carbon copy of the original will, which original will was destroyed.

The evidence offered by the caveators in support of their motion for summary judgment was on the issue of revocation. It is asserted by the propounders that the trial judge erred in considering this issue, which the caveators failed to raise before the court of ordinary. The issue of revocation was raised in a general way in the court of ordinary in the ground of caveat asserting that the will offered for probate was not the will of Ben Ace Payne. "If the will offered for probate has been revoked for any reason, it is not the will of the testator, and a judgment refusing it probate must be rendered." *Sutton v. Hancock,* 118 Ga. 436, 441 (45 SE 504).

*Code* § 24-2108, dealing with proceedings in the court of ordinary, states: "The petition and caveat shall be amendable at all times and in every particular." In *Foster v. Allen,* 201 Ga. 348 (1) (40 SE2d 57), it was held: "In a court of ordinary on an application for the probate of a will in solemn form the sole question for determination is devisavit vel non. . . . On appeal, the jurisdiction of the superior court is limited to the merits of the same issue, and can deal with no question except such as *could have been raised* [emphasis supplied] in the court of ordinary. . ."

The caveators could amend their appeal in the superior court by the amplification of their ground of caveat in the court of ordinary, and there is no merit in this contention.

■ There is no merit in the contention that the trial judge erred in granting a continuance upon the motion of the caveators.

■ In opposition to the propounders' motion for summary judgment, and in support of their motion, the caveators submitted three affidavits.

Clayton S. Stephens stated that: During the years 1968, 1969, 1970, and until the death of Ben Ace Payne in 1971,

he talked intimately and confidentially with Ben Ace Payne, and on many occasions during this period Ben Ace Payne told him that a will had been prepared for him to sign, on August 29, 1966, that the will did not satisfy him, that he wanted all of his heirs to participate in his estate, and "that he had done away with the will and destroyed it."

Edith Dalton Wade in her affidavit stated: She was well acquainted with her great uncle, Ben Ace Payne. On one occasion in 1970 she was with her mother, Mrs. Mary Payne Dalton, when Ben Ace Payne told her mother that his will dated August 29, 1966, was not according to his desires, that he had destroyed the will, and that he wanted all of his property divided among all of his heirs at law.

Mary Payne Dalton stated in her affidavit: She is a niece of Ben Ace Payne, and was close to him and often visited him. On more than one occasion during the years 1969, 1970, and until his death in April, 1971, Ben Ace Payne told her that he had previously had a will but it was not what he wished to do with his property, and that he had destroyed the will.

At the hearing on the motions for summary judgment the propounders objected to the statements in the affidavits, as to parol declarations of the testator, and they enumerate as error the admission of this evidence. They also urge that the evidence is insufficient to sustain the grant of the motion for summary judgment of the caveators.

In *Saliba v. Saliba,* 202 Ga. 791 (44 SE2d 744), this court dealt extensively with the question of admission of parol declarations of a testator, and held (p. 801) that *Kimsey v. Allison,* 120 Ga. 413 (1) (47 SE 899), and similar cases, unduly restricted the admission of parol declarations of the testator to those accompanying the act of destroying the will. In the *Saliba* case the propounders sought to probate a copy of a lost or destroyed will, and it was held that the propounder was confronted with the legal presumption that the will was revoked by the testator (*Code* § 113-611), and that declarations of the testator were admissible in evi-

dence either to support or to rebut such presumption, although not accompanied by any act of revocation. See also *King v. Bennett,* 215 Ga. 345, 349 (110 SE2d 772).

From a careful research of the cases on the subject we determine the rule to be that parol declarations of a testator accompanying an act of revocation may always be admitted; and where there is a presumption of law that the will was revoked (as in the case where a copy of a lost will is offered for probate), or where the evidence raises a presumption of revocation, parol declarations may be admitted to support or rebut such presumption of law or fact.

The caveators cite *King v. Bennett,* 215 Ga. 345 (1), supra, which held: "Where there has been a multiple execution of a will, the destruction of one of the executed copies by the testatrix with intention to revoke the will would have the effect of revoking all of the copies, and the same presumption of intention to revoke arises from the destruction of one of the duplicates as would arise if the destroyed copy were the only one." In that case the original copy of the will of the testatrix was in the custody of the testatrix until her death, and was found among her papers shortly after her death torn in four pieces and with the signature torn and missing from it. It was held that this evidence raised a presumption that the cancellation was done by the testatrix and that she intended to revoke the will.

One of the propounders in the present case, Willard Roy Payne, stated in his affidavit that Ben Ace Payne on or about September 14, 1966, gave him the duplicate will tendered for probate with the request that he store it safely in order that it be properly probated at his death.

No evidence was offered by the caveators in this case which would raise a presumption that the original will had been revoked. The will stated that it had been executed in duplicate "lest the original become misplaced," and that either copy might be probated. Thus the fact that the carbon copy was the copy offered for probate would not raise a presumption that the original had been destroyed by the testator with the intention of revoking it.

With no presumption of law or fact that the original will had been revoked, evidence of parol declarations by the testator that he had revoked it would not be admissible.

Furthermore, the revocation of a will cannot be established by proof of parol declarations alone. *Driver v. Sheffield,* 211 Ga. 316 (4) (85 SE2d 766); *Cash v. Cash,* 212 Ga. 416 (3) (93 SE2d 346).

The evidence offered by the caveators was insufficient to prove the revocation of the will, and the trial judge erred in granting their motion for summary judgment.

■ Summary judgment may be granted where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . ." but summary judgment will not be granted "where there are substantial issues of fact to be determined." *Code Ann.* § 81A-156 (c) (Ga. L. 1966, pp. 609, 660; Ga. L. 1967, pp. 226, 238).

While the evidence of parol declarations of the testator was inadmissible in the absence of any evidence raising a presumption that the will had been revoked, it is not evidence without probative value. Should the caveators be able to produce any evidence raising a presumption of revocation, the parol declarations would be admissible.

There is therefore not such an absence of a genuine issue of fact between the parties as would entitle the propounders to prevail in their motion for summary judgment, and it was not error to deny their motion.

*Judgment affirmed in part; reversed in part. All the Justices concur.*