S08A1551. KALE v. WILSON.

(668 SE2d 729)

CARLEY, Justice.

Appellee Janet Walls Wilson filed a petition to probate the will of her aunt, Irene Walls Kale (Testatrix). Appellant Warren Kale filed a caveat alleging that Testatrix was subjected to undue influence and fraud by Appellee, and that Testatrix lacked testamentary capacity to execute the will. Prior to the hearing on the petition and caveat, Appellant orally moved to dismiss the petition on the ground that a condition precedent set forth in the will had not been met. The probate court denied the motion and proceeded with the hearing, after which it ordered that the caveat be dismissed and that the will be admitted to probate in solemn form.

Appellant contends that the probate court erred in denying his oral motion to dismiss the petition based on an allegedly unfulfilled condition precedent. However, "[a]ll objections or caveats to an order sought shall be in writing, setting forth the grounds of such caveat." OCGA § 15-9-88. Because Appellant failed to raise the objection of an unfulfilled condition precedent in writing, either in the caveat or an amendment to it, the probate court did not err in refusing to sustain such objection. "No ground of a caveat will be considered which does not appear in the pleadings, either in the original allegations against the will or in an amendment to the same. [Cits.]" Redfearn, Wills, Ga., § 6-16 (6th ed.).

Moreover, even if the objection were properly raised in writing, it would be without merit. Appellant claims that the following

paragraph of the will establishes a condition precedent that must be met before the estate can vest:

> I hereby give, devise, and bequeath all of my property both real and personal to [Appellee]. This bequest is made with the stipulation that [Appellee] is honor bound to distribute items I have designated to my loved ones. It is my intention that she will be given a list before I die and I know I can trust her to carry out my wishes.

"The construction of a will is a question of law for the court. [Cit.] The cardinal rule for construing wills is to ascertain and give effect to the testator's intent. [Cits.]" *Usry v. Farr*, 274 Ga. 438 (1) (553 SE2d 789) (2001). Here, the will clearly expresses Testatrix's intent to bequeath all of her property to Appellee, with the stipulation that Appellee is "honor bound" to distribute designated items to others. However, the will does not indicate that Testatrix intended for such distribution to be a condition that must be performed before Appellee is entitled to take under the will. "No precise form of words is necessary to create conditions in wills. Any expression disclosing the intention will be sufficient to create a condition, but such intention must be definitely expressed. [Cit.]" *Hilton v. Sherman*, 155 Ga. 624, 628 (118 SE 356) (1923). Because Testatrix's will does not definitely express the intention to impose a condition precedent, and the law does not favor conditions remediable by forfeiture, we will not construe the document so as to create such a condition. See OCGA § 44-6-41; *City of Atlanta v. Jones*, 135 Ga. 376, 379 (69 SE 571) (1910); *Fulton County v. Collum Properties*, 193 Ga. App. 774, 775-776 (1) (388 SE2d 916) (1989).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 27, 2008.

*Darrel L. Hopson*, for appellant.
*William W. West*, for appellee.