## S10A1654. TUDOR v. BRADFORD.

(709 SE2d 235)

CARLEY, Presiding Justice.

On January 22, 2008, Donna Bradford petitioned the probate court of Lincoln County to probate in solemn form a will purported to be the last will and testament of her mother, Roselyn Waller Jones. On February 14, 2008, Ms. Bradford's sister, Sharon Tudor, filed a pro se caveat, later amended, that primarily alleged undue influence and lack of testamentary capacity. After a hearing, the probate court granted the petition to probate the will in solemn form and ordered the will to be admitted to record. Ms. Tudor appealed that order to the superior court, which held a jury trial on October 13, 2009. At the beginning of trial, Ms. Tudor notified the trial judge that Ms. Bradford had filed only a copy of the will with the probate court although she was petitioning the court to probate the will in solemn form. Ms. Bradford admitted to the superior court that only a copy had been filed. Ms. Tudor then requested that the entire matter be returned to the probate court so that the proper burdens of proof and statutory presumption may be satisfied. However, the superior court determined that since Ms. Tudor did not raise this issue in her caveat filed in the probate court, it could not be raised for the first time in superior court. Thus, the superior court denied the transfer and also refused admission of any evidence relating to the fact that a copy of the will had been offered for probate and to the presumption of intent to revoke that arises therefrom. See OCGA § 53-4-46. At the conclusion of the trial, the superior court directed a verdict in favor of Ms. Bradford. Ms. Tudor filed a motion for new trial contending that the superior court erred in granting the directed verdict because it did not make the additional findings required to probate a copy of a will in lieu of a lost original. The superior court denied the motion for new trial, and Ms. Tudor now appeals.

Pursuant to OCGA § 53-4-46 (a), a presumption of intent to revoke automatically arises if a testator's original will is lost.

Moreover, OCGA § 53-4-46 states that

> [a] copy of a will may be offered for probate . . . in lieu of the original will if the original cannot be found to probate, *provided* that the copy is proved by a preponderance of the evidence to be a true copy of the original will and that the presumption of intent to revoke . . . is rebutted by a preponderance of the evidence. (Emphasis supplied.)

OCGA § 53-4-46 (b). This is the only statute regarding the probate of a lost will. The plain language of this code section clearly requires that the presumption of intent to revoke be rebutted in order for a copy of a will to be probated. There is absolutely no mention in this provision that a caveat must be filed before the presumption arises or that the propounder of a copy of a will is released from her statutory duty to rebut the presumption if the issue is not raised in a caveat to the will. The statute plainly states that when offering a copy of a will to be probated, the propounder must prove that it is a true copy *and* rebut the presumption of intent to revoke that automatically arises pursuant to OCGA § 53-4-46 (a). See also *Horton v. Burch*, 267 Ga. 1, 4 (471 SE2d 879) (1996) ("OCGA § [53-4-46] allows the admission to probate of copies of wills clearly proven to be such by the evidence [and] subject in *every* case to the presumption . . . that the will was revoked by the testator." (Emphasis supplied.)); *Sheffield v. Sheffield*, 215 Ga. 546, 548 (1) (111 SE2d 218) (1959) ("In order for [a copy of a will] to be admitted to probate, it would have to be admitted under the rules of law . . . pertaining to the admission to probate of a copy of a lost or destroyed will.").

Moreover, established probate procedures exhibit the intent of our statutory scheme to deal with copies of a will in a different manner than when the original will is available, even before a caveat may be filed. See *Westmoreland v. Tallent*, 274 Ga. 172, 173 (1) (549 SE2d 113) (2001) (holding that OCGA § 53-4-46 " 'provides the procedure to be followed where the original will is lost but a copy is available' "). For example, in the present case, Ms. Bradford completed and filed Georgia Probate Court Standard Form (GPCSF) 5, which is the form approved by this Court to probate a will in solemn form. The first page of the form contains a set of instructions as to how to complete the form correctly. Instruction 2 states that

> [i]t is permissible, but not mandatory, to use this form in connection with a petition to probate a copy of a will in lieu of a lost original pursuant to OCGA § 53-4-46, *provided that appropriate interlineations are made, and additional infor-*

*mation is given to overcome the presumption of revocation.*
(Emphasis supplied.)

This instruction clearly requires a propounder to make the appropriate insertions in the petition to inform the probate court and any other interested parties that the document filed with the court is not the original will but only a copy. Furthermore, this instruction requires a propounder to give any additional information that is needed to overcome the presumption of revocation that arises pursuant to OCGA § 53-4-46. According to the instructions clearly written on the first page of the petition, both of these requirements must be met in order for GPCSF 5 to be used to petition to probate a copy of a will in lieu of a lost original. Furthermore, as with OCGA § 53-4-46, there is no mention in this form that a propounder need follow instruction 2 only if a caveat is filed to the will. Instruction 2, by its terms, must be satisfied even before the petition may be properly filed.

Additionally, former Uniform Probate Court Rule (UPCR) 21 (B), which was in effect at the time the petition to probate was filed in the present case, states that

[f]or purposes of this rule, the term probate court procedure is to be narrowly construed; thus, for example, *a petition to probate a will in solemn form*, a petition to probate a will in common form, *a petition to probate a copy of a will in lieu of a lost original*, and a combined petition to probate a will and to appoint an administrator with the will annexed, *are each considered to involve a separate procedure* which is appropriate for the promulgation of a standard form. (Emphasis supplied.)

Although a standard form has never been formulated for a petition to probate a copy of a will in lieu of a lost original, GPCSF 5, as referenced above, may be used in such a case "provided that appropriate interlineations are made, and additional information is given to overcome the presumption of revocation." GPCSF 5 further states that a propounder seeking to use this form to probate a copy of a will must "[c]heck with the court in which the petition will be filed." GPCSF 4, the standard form for a petition to probate a will in common form, also refers to the separate pleading required to probate a copy of a will, stating that "[t]his form should not be used in connection with a petition to probate a copy of a will in lieu of a lost original without checking with the court in which the petition will be filed." Not only do these two forms refer to a separate pleading form for probating a copy of a will, but both forms mandate

that the propounder of a copy of a will notify the court that only a copy is being offered and check with the court to determine what form is proper.

A reading of the standard form for a petition to probate will in solemn form shows that this form is to be used solely when an original will is filed. For example, the form states that the "Last Will and Testament . . . is herewith offered for probate," and the propounder must "solemnly swear" that she is presenting to the court "the true Last Will and Testament" of the testator. "Georgia's statutory scheme [recognizes] that an individual has only one will, no matter how many copies [are made]." *Horton v. Burch,* 267 Ga. supra at 2 (disallowing a propounder to probate a duplicate will as an original will). The only "true Last Will and Testament" of the decedent in this case has not been found, and thus Ms. Bradford erroneously declared that it was presented to the court. Ms. Bradford should have filed a petition to probate a copy of a will in lieu of a lost original, which would have notified the court of the appropriate standards and burdens of proof, including the burden of proving that the copy presented to the court "by a preponderance of the evidence [is] a *true copy* of the original will." (Emphasis supplied.) OCGA § 53-4-46 (b). It is also significant that our probate procedure differentiates between "the true Last Will and Testament" and a "true copy." See also 2 Redfearn Wills & Admin. in Ga. § 17:67 (7th ed.) (setting forth a form petition to probate a copy of a lost will).

Pursuant to current UPCR 5.3.3, Ms. Bradford was required to provide a caption on her petition "which sets out the exact nature of the pleading or the type of petition." The exact nature of her pleading was to probate a copy of a will in lieu of a lost original. However, not only did she fail to caption her petition properly, she also failed to make any interlineations or provide the requisite additional information in her petition as required by GPCSF 5 to use that form to probate a copy of her mother's will. In fact, it appears from the record that Ms. Bradford never alerted the probate court or any of the parties that the will filed was in fact merely a copy. Actually, the opposite is true. In the cover letter addressed to the court dated July 29, 2008, which accompanied the petition to probate the will in solemn form, Ms. Bradford's counsel stated that the "*original* Last Will and Testament of Roselyn Waller Jones" is attached to the petition. (Emphasis supplied.) Even if it was an innocent mistake to proceed through probate as if the original will had been filed, the fact remains that a copy was filed and thus Ms. Bradford must satisfy her statutory duty to rebut the presumption of revocation, a duty that does not depend upon whether a caveat is filed requesting that the court impose the duty.

A propounder's duty to satisfy evidentiary requirements even in

the absence of any caveat or other challenge is not anomalous in the probate process. For example, one of the requirements for proving a will in solemn form is to provide proof that the will is in fact the last will and testament of the decedent in the form of testimony of the witnesses to the will or written interrogatories answered by the witnesses under oath before a notary public. OCGA §§ 53-5-21 (a), 53-5-23 (a). Moreover, the statute explicitly states that "[t]he testimony of only one witness shall be required to prove the will in solemn form if no caveat is filed." OCGA § 53-5-21 (a). Thus, our law does not allow a propounder to probate a will without fulfilling the pertinent evidentiary requirements, even when no caveat has been filed.

Finally, the very purpose of the enactment of OCGA § 53-4-46 was to address a situation that the present case exemplifies. There is evidence in the record that the decedent executed the will at issue many years ago during an extraordinary period after one of her daughters, Ms. Bradford, suffered a debilitating accident. The decedent then sent a copy of the will to Ms. Bradford. However, Ms. Bradford has fully recovered, and in recent years and just before the decedent's death, according to evidence in the record, the decedent denied having a will. The original of the executed will was not found in the decedent's papers, so Ms. Bradford proffered a copy for probate. However, in such a situation, our law requires Ms. Bradford to prove that the decedent did not deliberately discard or destroy the original of the will with the purpose of revoking it. This evidentiary duty arises automatically under our statutory scheme. Ms. Bradford in the present case did not satisfy her statutory duty, and thus it was error for the superior court to direct a verdict in her favor. Accordingly, we reverse the judgment of the superior court and remand this case to that court for further proceedings not inconsistent with this opinion.

*Judgment reversed and case remanded with direction. All the Justices concur, except Benham and Thompson, JJ., who dissent.*

THOMPSON, Justice, dissenting.

Sharon Tudor filed a caveat to the will of her mother, Roselyn Waller Jones, contending her mother lacked testamentary capacity and was unduly influenced by caveator's sister, Donna Bradford, the will's propounder. The will was admitted to probate, and caveator appealed to superior court. When the case was called for trial, caveator asked that the case be returned to probate court so that she could "see an original will." In that regard, caveator argued that propounder submitted a copy of the will to probate and that her "main complaint is that there is no original will." The superior court denied the request, pointing out that caveator did not raise that issue

previously; it also denied caveator's request for a continuance. I see no error and would affirm the judgment of the superior court. Accordingly, I respectfully dissent.

When a copy of a will is offered for probate, the burden is on the propounder to rebut a presumption that the original will is lost and the testator intended to revoke it. OCGA § 53-4-46. However, probate courts are courts of record. *Cochran v. McCollum*, 233 Ga. 104 (210 SE2d 13) (1974); *Bragg v. Bragg*, 225 Ga. 494, 495 (170 SE2d 29) (1969). Thus, the provisions of the Civil Practice Act govern the procedure used in probate courts, unless they conflict with specific rules of practice of a special statutory proceeding. OCGA §§ 9-11-1; 9-11-81. Because no specific rule of practice requires[1] a propounder to *plead* that the testator did not intend to revoke a will offered for probate, the general rules of pleading, including amendments, are applicable to probate courts and to de novo appeals from probate courts to superior courts. It follows that the propounder of a will need not rebut the presumption that the original will was lost unless the caveator first makes the absence of an original will an issue in the case. As it is said: " 'No ground of a caveat will be considered which does not appear in the pleadings, either in the original allegations against the will or in an amendment to the same. [Cits.]' Redfearn, Wills, Ga., § 6-16 (6th ed.)." *Kale v. Wilson*, 284 Ga. 536 (668 SE2d 729) (2008).

Here, the caveator did not raise the "original will" issue in a timely or proper manner because she did not raise it in her caveat and, although caveator could have amended her caveat on appeal in the superior court "as to any issue which could have been raised in the [probate court]," *Payne v. Payne*, 229 Ga. 822 (1) (194 SE2d 458) (1972), the amendment had to have been made in writing. See OCGA § 15-9-88 ("[a]ll objections or caveats to an order sought shall be in writing, setting forth the grounds of such caveat"). Compare *Horton v. Burch*, 267 Ga. 1 (471 SE2d 879) (1996), in which a caveat was filed on the ground that the will was not the original.

I am authorized to state that Justice Benham joins in this dissent.

DECIDED MARCH 25, 2011 —
RECONSIDERATION DENIED APRIL 12, 2011.

*John T. Garcia*, for appellant.

---

[1] By its own terms, the use of Georgia Probate Court Standard Form (GPCSF) 5 is permissible, not mandatory.

*Johnston, Wilkin & Williams, Wendell E. Johnston, Jr.,* for appellee.